## UNITED STATES v. RUBINSTEIN et al.

United States District Court
S. D. New York. Criminal Division.
July 25, 1949.

J. F. X. McGohey, U. S. Atty., New York City (Irving H. Saypol and Roy M. Cohn, Asst. U. S. Attys., New York City, of counsel), for plaintiff.

Edward J. Ennis and Edwin B. Wolchok, New York City, for D. Rubinstein.

John L. Flynn, New York City, for Bliss.

RYAN, District Judge.

The defendants are before the court accused in two indictments.

Indictment C. 128-403 contains four counts. It is alleged in Count I that the defendant Rubinstein owned or controlled stock of Panhandle Producing and Refining Co. and that defendants devised and employed a scheme to defraud in violation of the anti-fraud provisions of Section 17(a) (1) of the Securities Act of 1933 as amended, 15 U.S.C.A. § 77q(a) (1), and thus induce divers persons to purchase this stock relying on false representations by defendants. The felonious and fraudulent means employed are set forth with sufficient detail; fifteen separate specifications contain the alleged false representations, untrue statements and omissions by the defendants as part of their scheme to so defraud. In Count II, the defendants are charged with having used the mail in furtherance of this fraudulent scheme in violation of Section 338 [now § 1341], 18 U.S.C.A. In Count III, it is further set forth that defendants used the mails to further the sale of this stock, "there not being in effect a registration statement as to such security" in violation of the registration section 5(a) (1) of the Securities Act of 1933, as amended, 15 U.S.C.A. § 77e(a) (1). It is alleged in Count IV that the defendants made false and misleading statements in connection with the said sales, consummated by use of a national securities exchange, in violation of the anti-manipulation provisions of Section 9(e) (4) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78i(a) (4).

Indictment C. 129-84 alleges that the defendants conspired in violation of Criminal Code, § 37, 18 U.S.C.A. § 88 [now § 371], to commit the substantive offenses charged in the prior indictment.

Defendant Rubinstein moves to dismiss Count I of Indictment C. 128-403 as vague, indefinite and duplicitous.

It is argued that this count is vague and indefinite because a reading of it does not disclose whether the defendant is being charged with violation of Section 77q(a) (1) or of Section 77q(a) (2), or both.

■ There is no merit to this argument. Paragraph 7 of Count I specifically sets forth that the defendant is charged with violating "Section 17(a) of the Securities Act of 1933, as amended; Title 15, Section 77q(a) (1), United States Code." No mention is made in this count of Section 77q(a) (2) or any other subsection.

Section 77q(a) (1) provides that it is unlawful in connection with the sale of stock through the mail "to employ any device, scheme, or artifice to defraud." The indictment does not travel on the exact language of the statute, but it does allege that defendants "devised and employed a device, scheme and artifice to defraud." The allegations of this count when read in their entirety with the official or customary citation of the statute are neither vague nor indefinite. Federal Rules of Criminal Procedure, rule 7(c), 18 U.S.C.A.

Neither is it duplicitous; violation of a single statute is charged—Section 77q(a) (1)—, and it sufficiently follows the language of the statute. Troutman v. United States, 10 Cir., 1938, 100 F.2d 628.

This motion is denied.

Defendant Rubinstein also moves to strike paragraph 5(a) from Count I of Indictment C. 128-403 and paragraph 2(D) (b) from the conspiracy indictment—C. 129-84.

Paragraph 5(a) alleges: "that said James Stewart and Co., Inc., had a substantial business and was engaged in various enumerated construction jobs, which material statement of fact was rendered misleading by the omission to state that said James Stewart and Co., Inc., was under contract to construct the United States Naval Hospital at Houston, Texas, and that in connection with that work, substantial losses had been and were being sustained, the loss as of November 30, 1945, being $568,000, and the loss as of April 30, 1946, being $1,269,214." Paragraph 2(O) (b) contains the same allegation.

■ It is contended that this allegation is "meaningless, surplusage and insufficient in law to constitute a sufficient allegation of an omission to state a material fact", because, it is said, that it may be lawfully stated that a corportion is doing a substantial business without reference to its profits or losses on such business. Here, it is alleged that not only this corporation "had a substantial business" but this statement is amplified by "and was engaged in various enumerated construction jobs," and the particular disastrous contract in Texas, which defendants omitted to mention, is set forth. The defendant contends in substance that this omission is not material. The Grand Jury felt that it was and the issue must be finally determined by a petit jury on the evidence presented at trial.

These motions are denied.

Both defendants move for Bills of Particulars.

Over 200 particulars of the allegations of the indictment are sought by defendants. None of these requests have been withdrawn, although attention was drawn by the court to the unreasonableness of the demands, especially in view of the length of and the details set forth in the indictment.

These motions are dilatory and devoid of merit.

■ No affidavit or sworn statement of counsel accompanies this application; it is determined therefore only on the indictments themselves. These advise the defendants of the charges made against them sufficiently to enable them to prepare for trial and defendant and plead an acquittal or conviction in bar of another prosecution for the same offenses. Bills of particulars in criminal prosecutions are not intended or designed to furnish defendants in ad-

vance of trial with a detailed statement of the evidence to be used against them. The evidence of the prosecution consists of the acts and doings of the defendants and their confederates and accomplices; this is within their knowledge. An itemized recital of the Government's proof here would serve no useful and legitimate purpose and would unnecessarily restrict the testimony to be offered on trial. Where charges are predicated upon fraudulent acts of a defendant, great latitude has always been allowed the prosecution. Limitations, if any are to be imposed, are to be set by the trial court and not by restrictions imposed in a Bill of Particulars.

The allegations of the indictment make further particulars unnecessary.

Motions for Bills of Particulars are denied.