## UNITED STATES v. KELLY.

### No. 17657.

United States District Court
W. D. Missouri, W. D.

Aug. 24, 1950.

Sam M. Wear, U. S. Atty., Kansas City, Mo., Wm. Aull III, Asst. U. S. Atty., Lexington, Mo., for plaintiff.

William K. Gibson (of Martin, Salveter & Gibson), Sedalia, Mo., for defendant.

REEVES, Chief Judge.

Heretofore the court granted defendant's motion for a bill of particulars, D.C., 10 F. R.D. 191, and required the government to supply further information regarding the alleged income of the defendant covering the years of his alleged income tax delinquency. The indictment is in three counts and charges an effort on the part of defendant to defeat and evade a large part of his income for the years 1943, 1944 and 1945.

In his prior motion counsel for defendant asked for a more specific description of defendant's income as charged in the indictment and that the government should be required to state: "the nature, source and amount of each item separately claimed as going to make up the total gross income. The government in obeying the order for a bill of particulars set out for each year separately the following condensation:

"Commingled net bank deposits reflecting income from liquor, meat and grocery business, farming and real estate rentals: * * *"

"Currency expenditures from income * * *:"

"Gross income:"

"Less: Missouri Sales Tax paid * *
cost of goods sold * * *
Business expenses * * *
Personal deductions * * *"

"Corrected Net Taxable Income * *."

It would appear that the government having specified the gross income of the defendant for the years mentioned and having characterized such income as above stated, the defendant should now have sufficient information to enable him to prepare for trial. He is familiar with his own income. He knows what his records show and could in no way be deceived or surprised by any proof that the government might offer. He

is in a better position to analyze and classify his income than the government.

■ 1. The rule with respect to bills of particular in criminal indictments is expressed in 42 C.J.S., Indictments and Informations, § 156, p. 1092, as follows: "Its purpose is to enable accused to prepare his defense and to avoid surprise at the trial, to plead his acquittal or conviction in bar of another prosecution for the same offense, and to compel the prosecution to observe certain limitations in offering evidence. *It is not the function of the bill to furnish accused with the evidence of the prosecution.*" (Emphasis mine.)

Clearly a bill of particulars in this case would not be necessary to protect defendant against another prosecution. He would not need such protection for the reason that the indictment charges evasion of his tax for definite years, namely, 1943, 1944 and 1945. He does not need a bill of particulars to help him prepare his defense for the reason, as heretofore stated, he is more familiar with the source of his income than is the government and neither could he be surprised in view of the government's frank statement that its proof will involve income from sundry sources commingled in a single bank account.

■ 2. Moreover, as repeatedly held by the courts, the motion for a bill of particulars in an indictment is addressed to the sound discretion of the court. In Wong Tai v. United States, 273 U.S. 77, Loc.Cit. 82, 47 S.Ct. 300, 302, 71 L.Ed. 545: "The application for the bill of particulars was one addressed to the sound discretion of the court, and, there being no abuse of this discretion, its action thereon should not be disturbed."

This rule should not apply if the defendant actually needs the bill of particulars. It reflects the attitude of the appellate courts on motions of this kind.

3. In United States v. Kushner, 135 F. 2d 668, 673, the Court of Appeals, 2 Cir., said in respect of a denial of a motion for a bill of particulars, that such a denial must stand "in the absence of a showing that appellant was unfairly surprised or prejudiced at the trial by the Government's

evidence." And then the court said: "Actually, also, the bill partook more of the nature of a fishing expedition than of a reasonable request for information upon the part of one who denied all knowledge of or participation in the importation of any gold bullion."

In Landay v. United States, 6 Cir., 108 F.2d 698, loc. cit. 703, in upholding a denial of a motion for a bill of particulars, the court said in reference to such bill: "The request for the bill was sweeping, and if granted, would have forced the Government to reveal its evidence in advance of the trial. This is not the function of a bill of particulars."

In United States v. Foster, D.C., 80 F. Supp. 479, loc.cit. 486, one of the district judges for the So. D. of N. Y. said: "The purpose of a bill is to inform the accused of the nature of the charge with sufficient precision to enable him to prepare for trial, to prevent surprise, and to plead his acquittal or conviction in bar of any prosecution for the same offense. * * * It is not the function of a bill to compel the Government to disclose in advance of the trial the evidence by which it will attempt to prove the charges alleged in the indictment."

Again, in United States v. Yoffe, D.C., 52 F.Supp. 175, 177, one of the district judges for the District of Mass. defined the function of a bill of particulars as follows: "The function of a bill of particulars is better to acquaint the defendant with the crime charged so that he may properly prepare his defense. * * * It is a proper remedy to avoid the danger of injustice, in that even though an indictment may set forth the offense with certainty, a bill of particulars should be ordered if the language is such that the defendant is liable to be surprised at the trial by the introduction of evidence for which he is unprepared."

Certainly defendant in this case could not be surprised by the evidence of the Government which would involve records made and kept by him and with which he undoubtedly is familiar.

■ As stated in Rose v. United States, 9 Cir., 149 F.2d 755, loc. cit. 758: "The

purpose of a bill of particulars is to secure facts, not legal theories."

The defendant is familiar with the facts proposed to be used by the Government. He is charged with evading or attempting to evade a part of his income tax for the years mentioned in the indictment, and the Government relies on records kept or made by the defendant and easily accessible to him. Under such circumstances he is not entitled to any further details and his motion therefore should be and will be overruled.