**UNITED STATES**

**v.**

**KIRCHEN BROS. Inc. et al.**

**UNITED STATES**

**v.**

**KIRCHEN (two cases).**

**Crim. Nos. 51 Cr. 133 to 51 Cr. 135.**

United States District Court
N. D. Illinois.

Sept. 14, 1953.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for plaintiff.

Thomas Dodd Healy, Chicago, Ill., for defendants.

HOFFMAN, District Judge.

In these three cases involving indictments for alleged income tax evasion for the years 1944 and 1945 against the corporation and its officers individually, Judge Sullivan, on October 10, 1951, granted the defendants' respective motions for bills of particulars. On December 14, 1951, the Government filed a bill of particulars. It appears that the heading was entitled cause No. 51 CR

1. Paolo v. Garfinkel, 3 Cir., 200 F.2d 280.

133, but presumably the bill of particulars was intended to apply to the other two causes as well. This bill of particulars itemized by years and names 18 "suppressed sales * * * diverted to the officers of the corporation" and 36 "overstated purchases for the years 1944 and 1945." The indictments set forth the amounts included in the tax returns and the taxes paid and the amounts which the Government charged the defendants with earning and the correct tax alleged to be payable thereon, which was substantially in excess of the reported amounts in each instance.

On October 24, 1952, the defendants filed the instant motion for additional particulars complaining that the Government gave merely the years' totals as to each purchaser rather than each individual sale and purchase made; that the Government failed to state whether there were any other acts of understatement of net income, and if there were none such, it should so state; that the names and addresses of the parties involved and the amounts traceable to each defendant should have been given; and that the bill of particulars has been given as to the corporate defendant alone and not to the individual defendants.

Whitman, in his Federal Criminal Procedure, at page 66 says:

"A complete discovery of the prosecution's case is not contemplated by the rule. * * * A defendant is not entitled to a bill of particulars of evidentiary * * * matters * * *. It has also been held that a defendant is not entitled to a bill of particulars when the information is within his own knowledge * * *."

■ The Government has listed the precise transactions, grouped annually, on which its charges of evasion are predicated. The defendants can easily determine from their own books, or should be able to do so, the addresses of the persons and companies named by the Government and the breakdown of the annual transactions. The books in all probability have a ledger page for each customer and purchaser. The particular amounts alleged to have been diverted to the respective defendants are a matter of evidence which undoubtedly can be revealed by each individual's books in his own possession.

■ In a prosecution for income tax evasion where the Government relies on records kept by a defendant and are accessible to him, and where the Government specifies and characterizes gross income in a bill of particulars for the years covered in the indictment, the defendant is not entitled to a supplemental bill. See United States v. Kelly, D.C., 92 F.Supp. 672, United States v. Andrews, D.C., 97 F.Supp. 572, and United States v. Rainey, D.C., 10 F.R.D. 431.

The motion of the defendants for additional particulars is denied.