**UNITED STATES**

v.

**BARROWS et al.**

**Crim. No. 826.**

United States District Court, D. Delaware.

July 19, 1954.

Leonard G. Hagner, U. S. Atty., of Wilmington, Del., for the United States.

Harry A. Rutenberg, of Philadelphia, Pa., for defendants.

LEAHY, Chief Judge.

A criminal Information was filed against Raymond R. Barrows and H. Damon Musser, employers under the Fair Labor Standards Act of 1938, as amended, Title 29 U.S.C.A. §§ 201–219. It is charged they were guilty of violations for the period beginning April 1, 1950 and ending March 7, 1952, at Seaford, Delaware. Defendants were manufacturers of women's full fashioned nylon hosiery. Defendants are said to be em-

ployers under § 3(d) of the Act. Violations of §§ 7(a), 11(a), 11(c), and 15(a)(1), (2) and (5), are charged. The Information sets forth four unlawful courses of conduct:[1]

1. The employment of named employees within a specific period for more than 40 hours a workweek, without paying them time and one-half their regular rate for hours worked over 40 hours;

2. Maintenance of records of named employees during specific periods, knowing such records to be false in that they recorded a lesser number of hours than those actually worked by the employees;

3. Failure during the specific period to keep proper records of daily and weekly hours worked by employees; and

4. Shipments during the specified period in interstate commerce of goods in the production of which employees failed to be paid overtime for hours worked beyond 40, all as required by the Act.

■ Defendants seek a bill of particulars.[2] The granting or withholding of a bill of particulars is a matter for the discretion of the Court. U. S. v. Caserta, 3 Cir., 199 F.2d 905; U. S. v. Kafes, 3 Cir., 214 F.2d 887.

■ 1. A reading of the Information shows it clearly sets forth the unlawful courses of action. Defendants should have no difficulty in preparing their defense. A defendant is not entitled to a bill of particulars as to evidentiary matter. This is especially so when defendant possesses the means of ascertaining the facts.[3] In U. S. v. Kelly, D.C., 92 F.Supp. 672, 673, the Court said: "'It is not the function of the bill to furnish ac-

cused with the evidence of the prosecution'", and "'The purpose of a bill is to inform the accused of the nature of the charge with sufficient precision to enable him to prepare for trial, to prevent surprise, and to plead his acquittal or conviction in bar of any prosecution for the same offense. * * * It is not the function of a bill to compel the Government to disclose in advance of the trial the evidence by which it will attempt to prove the charges alleged in the indictment"; and again, "certainly defendant in this case could not be surprised by the evidence of the Government which would involve records made and kept by him and with which he undoubtedly is familiar."[4] .

Here, defendants seek specification by a bill of particulars of the following: a. What specific machines each of the employees named in the Information worked on; b. the number of dozens of stockings made weekly on each specified machine by each such employee; c. the maximum number of dozens of stockings the United States of America claims could be made on each machine, identifying each machine specifically; d. the basis for the calculations of the overtime records.

Here, defendants are really objecting the Information does not set forth evidentiary matters. Neither an indictment nor an information need contain such minutiae.

■ 2. All of the four requested items are matters of evidence. The first three items are within the information of defendants rather than the Government. The last item deals with the basis of the calculations from the overtime

---

1. U. S. v. Universal C. I. T. Credit Corp., 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260, decided Congress intended to indicate courses of conduct which should be considered illegal, rather than each failure to comply with the Act's requirements as constituting a separate violation of the Act.

2. Criminal Rule 7(f), 18 U.S.C.A., provides: "The court for cause may direct the filing of a bill of particulars."

3. 4 Barron Federal Practice and Procedure, § 1917.

4. See, to the same effect, U. S. v. Clark, D.C., 10 F.R.D. 622; U. S. v. Greater Kansas City Retail Coal Merchants' Ass'n, D.C., 85 F.Supp. 503; U. S. v. Foster, D.C., 80 F.Supp. 479; U. S. v. Rubinstein, D.C., 9 F.R.D. 255; Fredrick v. U. S., 9 Cir., 163 F.2d 536.

records. This, too, is within the peculiar knowledge of defendants. I conclude defendants are not entitled to any of the items sought by a bill of particulars. Defendants' motion should be dismissed.

