UNITED STATES of America

v.

James MALETTERI, Tim Matteo, a/k/a "Timmy Matteo", a/k/a "Timmy Matto", Neal Francis Page, Irvin Albert Greenberg.

Crim. No. 21596.

United States District Court E. D. Pennsylvania.

May 14, 1964.

Drew J. T. O'Keefe, U. S. Atty., Joseph H. Reiter, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

John Rogers Carroll and John Patrick Walsh, Philadelphia, Pa., for defendants.

BODY, District Judge.

This matter is before the Court on a motion by the defendants, James Maletteri and Tim Matteo, for a bill of particulars. These defendants are charged individually in three separate counts of a nine count indictment.

Count No. 1 charges said defendants with entering into a conspiracy with others between December 20, 1961 and June 10, 1962 in violation of 18 U.S.C. § 371. Count No. 2 charges James Maletteri with using a wire facility to promote an illicit activity in violation of 18 U.S.C. § 2 and § 1952. Count No. 3 charges James Maletteri with being in the business of wagering and using a wire communication for transmission of information assisting in the placing of bets and wagers in violation of 18 U.S.C. § 2 and § 1084. Tim Matteo is charged in Count No. 4 and Count No. 5 with aiding and abetting the offenses described in Count No. 2 and Count No. 3.

Neal Francis Page and Irvin Albert Greenberg, two co-defendants, are charged in the same indictment with furnishing James Maletteri and Tim Matteo with gambling information as soon as it came off the wires at the Philadelphia Inquirer. However, this motion does not involve these co-defendants.

Defendants' motion for a bill of particulars is directed solely toward Count No. 1 which concerns the conspiracy. Defendants allege that this count is not sufficient because specific dates and certain locations have been omitted. Defendants further allege that names of individuals have been excluded in reference to the aforementioned dates and locations. Rule 7(c) of the Federal Rules of Criminal Procedure provides inter alia:

" * * * The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall be signed by the attorney for the government. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. * * * "

■ The indictment is sufficiently specific and complies with the aforestated rule. The charges against the defendants are pleaded in detail and are adequate to give them notice of the allegations against them. Also, the indictment is proper since it enables the defendants to plead an acquittal or conviction thereto in bar of any future prosecution for the same offense. The indictment need not be a complete summary of all of the evidence which the government intends to use to sustain the averments of the indictment.

■ Rule 7(f) of the Federal Rules of Criminal Procedure provides that the court for cause may direct the filing of a bill of particulars. A careful scrutiny of the entire matter results in the conclusion that cause under Rule 7(f) was not substantiated. An application for a bill of particulars is directed to the sound discretion of the court. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545. Therefore, defendants' motion is not allowed.