**UNITED STATES of America**

**v.**

**Ronald Angelo PALMISANO a/k/a Ronnie Young.**

**Crim. No. 22826.**

United States District Court
E. D. Pennsylvania.

Sept. 28, 1967.

James C. Lightfoot, and Drew J. T. O'Keefe, Philadelphia, Pa., for plaintiff.

Robert F. Simone, Philadelphia, Pa., for defendant.

## OPINION

MASTERSON, District Judge.

The defendant has been indicted under Title 18 U.S.C. § 472 for the crime of fraudulently passing counterfeit notes. At the time of his arraignment, the defendant moved under Rule 7(f) of the Rules of Federal Criminal Procedure for a Bill of Particulars. The original motion asked the Court to compel the Government to furnish the defendant with the following information: (a) the names and addresses of all Government witnesses; (b) whether or not there was found on the defendant or elsewhere any counterfeit notes other than those described in the indictment, and, if so, (1) the numbers of said notes, (2) when and where the defendant was alleged to have passed them, and (3) such other information as might be necessary for the defendant to determine the Government's basis for asserting that the defendant had knowledge that the bills passed were counterfeit.

 At the oral argument, counsel for the defendant limited his request to two items, namely: (a) the address of one of the persons named in the indictment as a person to whom the defendant allegedly passed counterfeit notes; and (b), the approximate time of day when the alleged passing in each case took place. The Court, after consideration of the briefs, the oral argument and the file, has concluded that defendant's motion as modified at the oral argument should be granted.

Rule 7(f) of the Rules of Criminal Procedure was amended in 1966. Previously the rule required a showing of "cause" before the Court would direct the filing of a Bill of Particulars. The words "for cause" were deleted by the 1966 amendment. The Committee Note explained the deletion as follows:

"The amendment to the first sentence eliminating the requirement of a showing of cause is designed to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases * * *" 34 F.R.D. 411, 417.

Prior to the amendment of Rule 7(f) courts were reluctant to compel the disclosure of Government witnesses' names through the device of a Bill of Particulars. See, E.g. United States v. Kirchen Bros., 15 F.R.D. 147 (N.D.Ill.1953); United States v. Ford Motor Co., 24 F.R.D. 65 (D.C.Wash.D.C.1959); United States v. Giramonti, 26 F.R.D. 168 (D.C. Conn.1960); United States v. Brevard, 27 F.R.D. 250, 251 (D.C.S.D.N.Y.1961). When, however, the disclosure sought was of the identity of persons either participants in, or victims of the crime, even under the earlier rule courts often compelled such limited disclosure. See, United States v. Kahaner, 203 F.Supp. 78 (D.C.S.D.N.Y.1962); United States v. Brown, 179 F.Supp. 893 (D.C.E.D. N.Y.1959); United States v. Smith, 16 F.R.D. 372 (W.D.Mo.1954).

In the leading case, United States v. Smith, supra, defendant was charged in two counts with selling heroin and marijuana cigarettes. The defendant filed a motion for a Bill of Particulars similar to the one that has been filed in this case. District Judge Whitaker, later Associate Justice of the United States Supreme Court, granted that part of defendant's motion requesting disclosure of the identity of persons to whom the sales allegedly were made. He also compelled disclosure of the times when, and places where, the alleged sales occurred. In holding that the defendant was entitled to this information when sought under Rule 7(f), Judge Whitaker stated:

"Without definite specification of the time and place of commission of the overt acts complained of, and of the identity of the person or persons dealt with, there may well be difficulty in preparing to meet the general charges of the information, and some danger of surprise." Smith, supra, 16 F.R.R. p. 375.

Judge Whitaker's opinion in United States v. Smith was commended by the

Advisory Committee proposing the amendment to Rule 7(f) as a "wise use of * * * discretion * * *", 34 F.R.D. 411, 417.

This fundamental distinction between revealing the identity of persons involved in the course of the crime and wholesale revelation of the identity of all possible Government witnesses, has been adopted and followed by courts dealing with motions under Rule 7(f) both before and after its revision. For example, in United States v. Anderson, 254 F.Supp. 177 (W.D.Ark.1966), the Court granted a defense motion requiring the Government in an income tax prosecution to disclose specifics as to the dates, amounts, and payors of each of the items of allegedly unreported income for the years in question. This case was decided after the Supreme Court had adopted the change in Rule 7(f) but before its effective date. In arriving at this result, the Court cited United States v. Smith, supra, with approval. Similarly, in United States v. Tucker, 262 F. Supp. 305 (D.C.S.D.N.Y.1966), a narcotics case, the Court required the Government to disclose the identity of the person or persons to whom the defendant allegedly sold the drugs. This case is particularly significant since the Judge concluded that the result was required by the revision of Rule 7(f) notwithstanding the existence of a long line of earlier cases in that district holding to the contrary.

■ The general considerations which should be borne in mind in exercising the Court's discretion in cases such as this were described in Fontana v. United States, 262 F. 283, 286 (C.A.8, 1919), where Judge Sanborn stated:

"The basic principle of English and American jurisprudence is that no man shall be deprived of life, liberty, or property without due process of law; and notice of the charge or claim against him, not only sufficient to inform him that there is a charge or claim, but so distinct and specific as clearly to advise him what he has to meet, and to give him a fair and reasonable opportunity to prepare his defense, is an indispensable element of that process. * * *"

Although *Fontana* involved the problem of the sufficiency of an indictment, the policy considerations deemed germane there are equally applicable to a Bill of Particulars, particularly under amended Rule 7(f). See generally, United States v. Rosenfeld, 264 F.Supp. 760, 762 (D.C. Ill.1967); United States v. Diliberto, 264 F.Supp. 181, 183 (D.C.S.D.N.Y. 1967); United States v. Birrell, 263 F. Supp. 113, 114 (D.C.S.D.N.Y.1967).

■ In opposition to the revised motion, the Government cites Title 18 U.S.C. § 3432. This act makes it mandatory for the Government to disclose the identity of its witnesses in capital cases. The Government argues that the maxim "inclusio unius est exclusio alterius" applies here, and that therefore this statute deprives this court of discretion to require a limited disclosure of witnesses under Rule 7(f). The statute, however, does not by its terms apply to non-capital cases. Moreover, even if the maxim is applicable to the statute, it would mean only that the Government is not *required* to make full disclosure of the names of all its witnesses as a matter of course in non-capital cases. Neither the language of the statute nor its legislative history reveals a purpose to deprive this court of its traditional, and important, *discretion* to require limited disclosure of the identity of persons in non-capital cases where such disclosure is essential to give the defendant a fair opportunity to prepare his defense. Indeed, to so read it would be to raise questions of its constitutionality under the Fifth and Sixth Amendments. See, *Fontana*, supra.

■ Finally, the Government also cites United States v. Margeson, 261 F. Supp. 628 (D.C.E.D.Pa., Opinion by Davis, J., 1966). This case holds that Rule 16 of the Federal Rules of Criminal Procedure does not require disclosure of all Government witnesses in non-capital cases. It was not concerned with a motion under Rule 7(f), and accordingly it is not relevant here.

For the reasons discussed above defendant's Motion for a Bill of Particulars as amended at the oral argument is granted.