UNITED STATES of America

v.

Joseph CAROSIELLO, Paul Ross Prepstein, Michael Harold Rubin.

Appeal of Michael Harold RUBIN.

No. 19333.

United States Court of Appeals,
Third Circuit.

Argued Feb. 5, 1971.

Decided March 16, 1971.

Bernard L. Segal, Segal & Appel, Philadelphia, Pa. (Edward M. Kopanski, Joel D. Caney, Needleman, Needleman, Segal, Tabb & Eisman, Philadelphia, Pa., on the brief), for appellants.

Edwin E. Naython, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN and VAN DUSEN, Circuit Judges, and HANNUM, District Judge.

## OPINION OF THE COURT

### PER CURIAM:

This appeal challenges a judgment and order suspending the imposition of sentence and placing the defendant-appellant on probation for two years after a guilty verdict of knowing possession, on or about May 13, 1966, of a motorcycle stolen from an interstate shipment had been returned by a jury on April 9, 1970.[1] The defendant claims alleged unconstitutional delay by the Government in securing an indictment and in bringing the defendant to trial.

On or about May 13, 1966, six motorcycles were found to be missing from an interstate shipment of the Shanahan Transportation Company.[2] On August 19, 1966, the defendant was questioned by, and gave a statement to, representatives of the F.B.I. concerning one of the above motorcycles which was in his possession, but he denied having knowledge that it was stolen in May 1966. Defendant was indicted on November 12, 1968. Since the jury verdict involved a finding that the defendant's August 1966 essentially exculpatory statement to the F.B.I. was at least incomplete, which incompleteness justified additional investigation by the F.B.I., there is no merit in the contention that defendant's Fifth or Sixth Amendment rights were denied by filing the indictment in November 1968. See United States v. Feldman, 425 F.2d 688 (3d Cir. 1970), and cases there cited.[3]

1. Count III of the indictment charged defendant with possession "of one (1) Yamaha motorcycle which had been embezzled, stolen and unlawfully carried away from Shanahan Transportation Co., Phila., Penna., while moving in interstate commerce from Downingtown, Pennsylvania, to * * * Pennsauken, New Jersey * * * and MICHAEL HAROLD RUBIN then knew the said chattels had been stolen. In violation of 18 U.S.C. 659." Two co-defendants were charged with illegal possession of the same motorcycle on the same date in Counts I and II of the indictment

2. The investigation of this theft was still continuing at the time of the trial in April 1970, but the continuing investigation did not involve the charge of possession on May 13, 1966, as opposed to events occurring prior thereto. However, the Government conceivably might have secured other information in its continuing investigation making it necessary to include charges other than illegal possession of this cycle against this defendant, so that there is no showing that the Government should or could have submitted the matter to the Grand Jury in the summer of 1966. Furthermore, the F.B.I. agent had contacts with defendant as late as 10/24/67, and was awaiting word from him on his promise to try to secure information from a co-defendant. The defendant understood that he was under instructions from the F.B.I. to contact its agent of "any change in appointment or where I was living for any status, * * * what I was doing, where I could be reached."

3. The five-year statute of limitations (18 U.S.C. § 3282) is the primary guarantee against prejudicial pre-indictment delay, see United States v. Ewell, 383 U.S. 116, 122, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966), and defendant has failed to show any oppressive design on the part of the Government. See Foley v. United States, 290 F.2d 562, 565–566 (8th Cir.), cert. denied, 368 U.S. 888, 82 S.Ct. 139, 7 L.Ed.2d 88 (1961).

■ One of Philadelphia's most experienced and able criminal lawyers entered his appearance for defendant on February 25, 1969, and represented him on this appeal as well as during the trial (see Documents 9 and 11). Also, the defendant testified that this able lawyer had represented him in this matter since May 1966. He testified that the first time he made "arrangements for [the lawyer] to represent [him] at the trial in this particular case" was shortly after the indictment. Approximately seven months after the indictment, the case was listed for trial on June 18, 1969. On June 10, 1969, the case was continued to allow a co-defendant to secure new counsel. Defendant did not request a severance of his case (see Fed.R.Crim. P. 14) and the start of his trial at that time.[4] On April 1, 1970, defendant filed a Motion to Dismiss the Indictment on the ground that the delay from August 1966 until November 1968 in filing the indictment denied the defendant's constitutional rights to a speedy trial and due process of law (Document 16). This Motion was amended and denied on April 7. The trial commenced on April 7, 1970, and lasted until April 9. On this record, the defendant's contention that a consideration of the period between August 1966 and trial in April 1970 shows a violation of defendant's Sixth Amendment rights must be rejected, since defendant could have had a trial in June 1969 by requesting a severance. Furthermore, the F.B.I. agent conducting the investigation was "in and out of the hospital * * *" from September 1969 until April 1, 1970.

Considering the entire period between the date of the offense and the eventual trial, we find no prejudice to the defendant justifying dismissal of the indictment, particularly in view of his opportunity to request a severance and have a trial in June 1969.[5] See United States

---

4. In fact, the defendant at no time asked for speedy action on any charge to be filed against him, despite the ready availability of the F.B.I. agent (see note 2), or in the scheduling of his trial. *Cf.* United States v. Aberson, 419 F.2d 820 (2d Cir. 1970); United States v. Maxwell, 383 F.2d 437, 441 (2d Cir. 1967), cert. denied sub nom. Aiken v. United States, 389 U.S. 1043, 88 S.Ct. 786, 19 L.Ed.2d 835 (1968); United States v. Lustman, 258 F.2d 475, 478 (2d Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958); *but cf.* Dickey v. Florida, 398 U.S. 30, 48–50, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970), (Brennan, J., concurring). We recognize that the Government has "a responsibility to get on with the prosecution," Dickey v. Florida, *supra* at 50, 90 S.Ct. at 1575 (Brennan, J., concurring), but the Government has no duty to request a severance, although it may have the duty not to oppose an application for severance. Under the circumstances of this case, this duty rested on the defendant or defendants who wanted a prompt trial in June 1969. *Cf.* American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial § 2.3 (g), (Approved Draft 1968).

5. It is noted that during the 1969 fiscal year the median time interval from filing to trial in the Eastern District of Pennsylvania was 12.5 months (Table D6, p. 281, 1969 Annual Report of Admin. Office of U. S. Courts), and defendant's trial was scheduled for June 1969, within seven months of filing the indictment. *Cf.* Dickey v. Florida, *supra* at 55, 90 S.Ct. 1564 (Brennan, J., concurring); Note, The Right to a Speedy Trial, 20 Stan.L.Rev. 476 (1968). Also, in considering the lapse of time between June 1969 and the April 1970 trial, the change in calendaring from a master list to an individual judge list, taking effect 1/1/70, in that District must be evaluated. Assuming, without deciding, that defendant would have been entitled, as a youth offender (18 U.S.C. §§ 5006(e) and 5021(b)) as opposed to his status as a young adult offender under 18 U.S.C. § 4209, to the certification that his conviction had been set aside under 18 U.S.C. § 5021(b) if (1) the trial judge had elected to sentence him as a "young adult offender" under 18 U.S.C. § 4209 prior to July 31, 1969 (defendant's 26th birthday was on July 31, 1969), and (2) he had been "unconditionally discharged * * * from probation prior to the expiration of" his two-year term, he was afforded the opportunity for such certification by the scheduling of the June 18, 1969, trial, which could have been followed by a prompt sentencing on or before July 30, 1969. Under these circumstances, and

v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966), and cases there cited. In *Ewell*, the court said at page 120, 86 S.Ct. at page 776:

\* \* \* the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself. Therefore, this Court has consistently been of the view that "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." [Citing case.] "Whether delay in completing a prosecution \* \* \* amounts to an unconstitutional deprivation of rights depends upon the circumstances. \* \* \* The delay must not be purposeful or oppressive," [citing case]. "[T]he essential ingredient is orderly expedition and not mere speed." [Citing case.]

The judgment will be affirmed.

because the contention of prejudice arising from the unavailability of 18 U.S.C. § 4209 at the time of the April 1970 trial was not raised in the district court but first advanced at oral argument in this court, such contention is rejected.