UNITED STATES of America

v.

John Walter RUTKOWSKI.

Crim. No. 71–306.

United States District Court,
E. D. Pennsylvania.

Dec. 16, 1971.

John F. Penrose, Asst. U. S. Atty., Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., on the brief, for plaintiff.

William J. Brady, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

JOHN W. LORD, Jr., Chief Judge.

The defendant is charged with failure to submit to induction into the Armed Forces, a duty required of him by the Military Selective Service Act of 1967, 50 App. U.S.C.A. § 462(a) (1967).[1] The order to report for and submit to induction was for May 18, 1966, and the indictment for failure to do so was handed down on May 13, 1971, one week short of the five year statute of limitations. Defendant has moved this Court to dismiss the indictment, which we shall do.

Although its exact nature is not specified, it is undisputed that "an exchange of words" took place at the induction center between the defendant and a military physician, as a result of which Rutkowski left the center.

Following this, Rutkowski contacted his Selective Service Board which informed him that the matter had been "turned over to the F.B.I." Rutkowski contacted the Philadelphia office of the Federal Bureau of Investigation, and spoke, for the first of many times, with Special Agent Bass. It is undisputed that Bass told him to "sit tight." For the next four years and fifty-one weeks Rutkowski continued to contact the Federal Bureau of Investigation every two weeks for further information, and each time was told to "sit tight." After sitting tight for nearly five years, he was jolted from this somewhat uncomfortable position by the decision of the Government to seek an indictment.

The Government bases its case on United States v. Carosiello, 439 F.2d 942 (3rd Cir. 1971). In that case the delay had been substantially less than in the instant matter, and much of the delay had been occasioned by the defendant's requesting and obtaining a continuance. Here, the delay between the act and indictment was nearly five years, in *Carosiello*, two years. There, a substantial part of the delay took place because of the Government's investigation into the crime charged; here the only investigation required was available by conversations with the Selective Service Board, the physician and the defendant, who was always available.

We feel that here the Government has failed most dismally in its "responsibility to get on with the prosecution." Dickey v. Florida, 398 U.S. 30, 50, 90 S. Ct. 1564, 1575, 26 L.Ed.2d 26 (1970) (Justice Brennan concurring). 48(b) Fed.R.Crim.P. states

> If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint.

To hold otherwise would do violence to the clear language of the rule, which obviously contemplates the dismissal, in certain situations, of indictments valid under the statute of limitations. *See*, 3 C. Wright, Federal Practice and Procedure, § 815 at 321–22 (1969).

Further, Rule 48(b) implements the theory of a right to speedy trial and the inherent power of the Court to dismiss a case for lack of prosecution. Pollard v. United States, 352 U.S. 354, 361, n. 7, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); Mann v. United States, 304 F.2d 394, 398 (D.

---

1. The defendant had previously served in the Air Force in its Officers' Training School, but was honorably discharged from it because of a lack of technical background required to complete the commissioning program.

C.Cir.), cert. denied 371 U.S. 896, 83 S. Ct. 194, 9 L.Ed.2d 127 (1962); 8A J. Moore, Federal Practice ¶48.03 [1]; *C. Wright, supra,* § 814.

The Third Circuit has held that a defendant's

rights under the due process clause must be determined by a balance between the need of law enforcement officials to delay prosecution and the prejudice to the defendant caused by this delay.

United States v. Feldman, 425 F.2d 688, 691 (3rd Cir. 1970); *see also,* United States v. Childs, 415 F.2d 535 (3rd Cir. 1969).

Certainly the Government is entitled to a reasonable time to prepare its prosecution, but where the only witnesses necessary are the examining physician, on duty in Philadelphia less than five minutes from the Bureau's office, the defendant, who reported his address and sought guidance from the Government every two weeks, and the clerk of the board, also available locally, a five year delay is clearly unreasonable.[2]

■ While it is proper for us to presume prejudice to the defendant, United States v. Mitchell Roy Berger, Criminal No. 71–152 (E.D.Pa. entered on July 28, 1971), we feel that the defendant has established prejudice on the merits. There was undisputed testimony that his opportunities for education, travel and public service were curtailed. His present economic horizons have been severely harmed by his employer's act of discharging him upon his indictment. His opportunities to present defenses to his failure to submit to induction are obviously impaired greatly by a delay of five years to time of indictment and perhaps another one year to trial. In light of the fact that his failure to submit was conditioned upon a subjective exchange between himself and a physician,

we feel that the words of another court have particular significance:

Passage of time makes proof of any fact more difficult. When the fact at issue is as subtle as a mental state, the difficulty is immeasurably enhanced.

Williams v. United States, 102 U.S.App. D.C. 51, 250 F.2d 19, 23 (D.C.Cir. 1957).

---

2. The Government contends that part of the delay is attributable to the defendant, in that he did not contact the United States Attorney when told by his local board that the case had been referred to that office. However, defendant, unacquainted with the working of the Justice Department, called Special Agent Bass first, and was again told to "sit tight."