UNITED STATES of America

v.

**William R. WYNN.**

**Crim. A. No. 71–665.**

United States District Court,
E. D. Pennsylvania.

Dec. 21, 1971.

---

Victor L. Schwartz, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

William D. Harris, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Defendant, indicted for offenses related to his management of the Officers' Open Mess, Defense Support Center, Philadelphia, Pennsylvania, has filed various pre-trial motions. He is charged with (1) unlawfully selling liquor by the bottle and case, and (2) making false entries in the Cash Receipts Journal of the Officers' Open Mess.

Initially, defendant seeks, pursuant to Fed.R.Crim.P. 7(f), a bill of

particulars to explain the allegations in the indictment. It is well settled that a motion for a bill of particulars is addressed to the sound discretion of the trial court. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); United States v. Maletteri, 35 F.R.D. 225 (E.D.Pa.1964). Rule 7(f) was amended in 1966 by eliminating the requirement that a defendant show "cause" before the court would direct the filing of a bill of particulars. The Committee Note explained the amendment as follows:

> "The amendment to the first sentence eliminating the requirement of a showing of cause is designed to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions . . ." 34 F.R.D. 411, 417.

In United States v. Palmisano, 273 F.Supp. 750 (E.D.Pa.1967), a case decided since the 1966 amendment, Judge Masterson of this Court granted defendant's request for: "(a) the address of one of the persons named in the indictment as a person to whom the defendant allegedly passed counterfeit notes; and (b), the approximate time of day when the alleged passing in each case took place." 273 F.Supp. at 751. One can appreciate that a lack of specification as to the time and place of commission of the alleged acts and the identity of persons dealt with might create difficulty in preparing to defend against charges in an indictment. United States v. Smith, 16 F.R.D. 372 (W.D.Mo.1954). In *Smith*, commended by the Advisory Committee proposing the amendment to Rule 7(f) as a wise use of discretion, 34 F.R.D. 411, 417, the Court granted defendant's request for disclosure of the identity of persons to whom alleged marijuana and heroin sales were made.

■ In the instant case the date and location of each alleged offense is specifically set forth and no other persons are named in the indictment as participants. Nevertheless, fundamental fairness and the spirit of the amendment to Rule 7(f) require that defendant be informed of the identity of persons to whom liquor sales were allegedly made. Palmisano, 273 F.Supp. at 751. Even under the broadest interpretation of Rule 7(f), however, defendant is not entitled to the names and addresses of all witnesses the government intends to call at trial. United States v. Manetti, 323 F.Supp. 683, 696 (D.Del.1971). Defendant's motion for a bill of particulars therefore, shall be denied but the government shall reveal to defendant the identity of persons to whom he allegedly sold liquor.

■ Secondly, defendant moves pursuant to 18 U.S.C. § 3500 and Fed. R.Crim.P. 6(e) for production at trial of prior statements of witnesses and transcripts of their testimony before the grand jury. He is clearly entitled under 18 U.S.C. § 3500 to prior statements—but not until the government witnesses have testified on direct examination. Concerning the grand jury statements, none exist because testimony was not recorded. Moreover, even if testimony were recorded, defendant has not demonstrated the particularized need required under Rule 6(e) to justify an invasion of grand jury secrecy. See United States v. Manetti, supra, 323 F.Supp. at 693–695.

■ Thirdly, defendant moves for the production of all evidence in the hands of the government which is exculpatory in nature. The government acknowledges its duty under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and agrees to furnish to the defendant all evidence favorable to him on the issue of guilt. Similarly, the government agrees, pursuant to Fed.R.Crim. P. 16, to furnish to defendant all relevant books, records, and documents for inspection and copying.

■ Fourthly, defendant moves, pursuant to Fed.R.Crim.P. 12(b), to dismiss count 1 of the indictment for failure to

charge a violation of Federal law. Count 1 charges that defendant did knowingly, wilfully and unlawfully sell and cause to be sold liquor by the bottle and case at the Defense Personnel Support Center, Philadelphia, Pennsylvania. Although defendant correctly asserts that Pennsylvania Attorney General's Opinion #478, issued October 6, 1943, holds that the Pennsylvania Liquor Control Act does not apply to the Defense Personnel Support Center, Federal jurisdiction arises under 18 U.S.C. § 13 which provides:

> "Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment."

Since the Pennsylvania Liquor Control Act has force and effect in the Commonwealth of Pennsylvania, a violation of that Act within the confines of the Defense Personnel Support Center is made punishable by 18 U.S.C. § 13.

Finally, defendant moves for dismissal of the indictment under Fed.R.Crim.P. 48(b), because of unnecessary delay in presenting the charge to a grand jury. It is conceded that thirteen months elapsed between defendant's arrest (April 30, 1970) and the issuance of the original indictment (June 10, 1971). The government replies that the delay in this case was neither intentional, negligent or excessive but rather necessary because of the complex accounting problems involved. In fact, the case is still under an investigation that has been prolonged by the sickness of one agent and the retirement of another. Significantly, the Third Circuit has considered the point and found that pre-indictment delay is justifiable when necessitated by continued investigation. United States v. Carosiello, 439 F.2d 942 (3 Cir. 1971); United States v. Feldman, 425 F.2d 688 (3 Cir. 1970).

In spite of this justification for the government's conduct, defendant asks that we presume that he has been prejudiced by the delay in prosecuting this case. We are aware that some courts have found wisdom in the theory that prejudice to a defendant can be fairly presumed as a result of undue delay in prosecution. See Dickey v. Florida, 398 U.S. 30, 53–54, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970) (Brennan, Jr., concurring). Nevertheless, common sense dictates that such a presumption be made only in cases of extraordinary delay or inexcusable government conduct. Petition of Provoo, 17 F.R.D. 183 (D. Md.), aff'd. per curiam, 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761 (1955). The thirteen-month delay in the instant case, however, cannot be considered extraordinary or inexcusable under the circumstances. Moreover, defendant's allegation of prejudice is purely speculative. Consequently, in balancing the need of law enforcement officials to delay prosecution with the prejudice to the defendants caused by the delay, the balance here must be struck in favor of the government. *Feldman, supra*, 425 F.2d at 691.