# WONG TAI v. UNITED STATES.

ERROR TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 79.   Argued November 24, 1926.—Decided January 3, 1927.

1. The Court need not consider objections not contained in the assignment of errors but set out for the first time in the briefs filed here.   P. 78.
2. To comply with the Sixth Amendment, an indictment must be sufficiently specific to advise the defendant of the nature and cause of the accusation in order that he may meet it and prepare for trial and, after judgment, be able to plead the record and judgment in bar of a further prosecution for the same offense.   P. 80.
3. In an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy, or to state such object with the detail which would be required in an indictment for committing the substantive offense.   P. 81.
4. An application for a bill of particulars in a criminal case is addressed to the sound discretion of the trial court.   P. 82.
5. An exception is necessary for review of an alleged assigned error in charging a jury.   P. 83.

Affirmed.

ERROR to a judgment of the District Court in a prosecution for conspiracy to commit offenses against the United States in violation of the Opium Act.

*Mr. Marshall B. Woodworth,* with whom *Mr. Frank J. Hennessy* was on the brief, for the plaintiff in error.

*Solicitor General Mitchell,* with whom *Mr. Gardner P. Lloyd,* Special Assistant to the Attorney General, and *Mr. Harry S. Ridgely,* Attorney in the Department of Justice, were on the brief, for the United States.

MR. JUSTICE SANFORD delivered the opinion of the
Court.

The plaintiff in error was indicted in the Federal Dis-
trict Court for Northern California under § 37 of the
Criminal Code,[1] for conspiring to commit offenses against
the United States in violation of the Opium Act of 1909,
as amended in 1914 and 1922.[2]   He was tried and con-
victed; and thereupon brought the case here by a direct
writ of error under § 238 of the Judicial Code, before the
amendment made by the Jurisdictional Act of 1925 be-
came effective, as one involving the application of the
Constitution and in which the constitutionality of a law
of the United States was drawn in question.

The errors assigned and specified here are that the
Opium Act, as amended, is repugnant to the due process
and self-incrimination clauses of the Fifth Amendment;
that the indictment is invalid under the Sixth Amend-
ment; and that the court erred in overruling a demurrer
to the indictment, denying a motion for a bill of particu-
lars and a motion in arrest of judgment, and in its charge
to the jury.

1. There was no challenge to the constitutionality of
the Opium Act in the District Court.   This question was
not presented in that court and was neither considered
nor determined by it.   The objections to the constitution-
ality of the Act which were set out in the assignment of
errors are fully answered in *Yee Hem* v. *United States*,
268 U. S. 178, decided after this writ of error had been

---

[1] This section provides that: " If two or more persons conspire . . .
to commit any offense against the United States . . .   and one or
more of such parties do any act to effect the object of the conspiracy,
each of the parties to such conspiracy " shall be fined, or imprisoned,
or both.

[2] Act of February 9, 1909, c. 100, 35 Stat. 614, as amended by the
Acts of January 17, 1914, c. 9, 38 Stat. 275, and May 26, 1922, c. 202,
42 Stat. 596.

sued out; and the additional objections set forth for the first time in the brief for the defendant in this Court, do not require consideration here.

2. The case is, however, otherwise brought here under the writ of error, by reason of a challenge which the defendant interposed to the validity of the indictment on the ground that it did not inform him of the " nature and cause of the accusation " as required by the Sixth Amendment.

The Opium Act, as amended, provides, in § 2(c), that if any person " receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale " of any narcotic drug " after being imported " into the United States, " knowing the same to have been imported contrary to law," he shall upon conviction be fined or imprisoned.   42 Stat. 596.

The indictment, which was returned in September, 1924, charged that on or about September 10, 1922, the exact date being to the grand jurors unknown, the defendant, being in the City and County of San Francisco, within the jurisdiction of the court, conspired to commit the acts made offenses by the Opium Act, as amended, that is to say, that at the time and place aforesaid, he knowingly and feloniously conspired and agreed with one Ben Drew and divers other persons to the grand jurors unknown, to " knowingly and feloniously receive, conceal, buy, sell and facilitate the transportation and concealment after importation of certain narcotic drugs, to-wit, smoking opium, the said defendant well knowing the said drugs to have been imported into the United States and into the jurisdiction of this Court contrary to law "; that this conspiracy continued throughout all the times after September, 1922, mentioned in the indictment and particularly at the time of the commission of each of the overt acts thereinafter set forth; and that in furtherance of this conspiracy and to effect its object, the defendant,

in the City and County of San Francisco received, bought, sold and facilitated the transportation after importation of three small sacks containing tins of opium which arrived on the Steamer President Pierce on or about February 24, 1923, without the knowledge and consent of the customs officers in charge of the port at San Francisco, and also, to effect the same object, and in the same place, received, bought, etc., after importation other sacks containing tins of opium, which likewise arrived without the knowledge and consent of said customs officers, namely, five sacks which arrived on the Steamer Nanking on or about May 10, 1923, three sacks which arrived on the Steamer President Wilson on or about May 25, 1923, five sacks which arrived on the Steamer Taiyo Maru on or about May 27, 1923, five sacks which arrived on the Steamer President Taft on or about June 29, 1923, two sacks which arrived on the Steamer President Lincoln, on or about August 19, 1923, and one sack which arrived on the Steamer President Cleveland on or about February 3, 1924, the exact number of tins of opium in these several sacks and the exact dates of their arrival being unknown to the grand jurors.

The defendant demurred to the indictment on the ground that its allegations as to the conspiracy and overt acts were so vague, indefinite and uncertain that they did not inform him of the nature and cause of the accusation as required by the Sixth Amendment, and enable him to make proper defense or plead his jeopardy in bar of a later prosecution for the same offense. This demurrer and a subsequent motion made in arrest of judgment on the same grounds, were both overruled by the District Court.

While it is essential to the validity of an indictment under the Federal Constitution and laws that it shall advise the defendant of the nature and cause of the accusation in order that he may meet it and prepare for

trial and, after judgment, be able to plead the record and judgment in bar of a further prosecution for the same offense, *Bartell* v. *United States,* 227 U. S. 427, 431, we find in the present indictment no lack of compliance with this requirement. It charged the defendant, with definiteness and certainty and reasonable particularity as to time and place, with conspiring with a named person and others to commit certain specified offenses in violation of the Opium Act; and further charged him, in like manner, with doing various specified acts to effect the object of the conspiracy. It is well settled that in an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy, *Williamson* v. *United States,* 207 U. S. 425, 447, or to state such object with the detail which would be required in an indictment for committing the substantive offense, *Thornton* v. *United States,* 271 U. S. 414, 423; *Jelke* v. *United States* (C. C. A.), 255 Fed. 264, 275; *Anderson* v. *United States* (C. C. A.), 260 Fed. 557, 558; *Wolf* v. *United States* (C. C. A.), 283 Fed. 885, 886; *Goldberg* v. *United States* (C. C. A.), 277 Fed. 211, 213. In charging such a conspiracy "certainty to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is necessary." *Williamson* v. *United States, supra,* 447; *Goldberg* v. *United States, supra,* 213. That this requirement was complied with in the present indictment is clear. In *Keck* v. *United States,* 172 U. S. 434, upon which the defendant relies, the indictment was not, as here, for conspiring to commit offenses, but for committing the substantive offenses. And in *Hartson* v. *United States* (C. C. A.), 14 F. (2d) 561, upon which he also relies, a count charging a single conspiracy to commit several offenses,

42847°—27——6

was held sufficient, although another count charging in like manner the commission of one of these substantive offenses, was held insufficient. In the present case we think that the allegations of the indictment, both in respect to the conspiracy and the overt acts, sufficiently advised the defendant of the nature and cause of the accusation, and with the requisite particularity. We conclude that there was no invalidity in the indictment under the Sixth Amendment, and that both the demurrer and the motion in arrest of judgment were properly overruled.

3. The defendant also made a motion, supported by affidavit, for a detailed bill of particulars, setting forth with particularity the specific facts in reference to the several overt acts alleged in the indictment, with various specifications as to times, places, names of persons, quantities, prices, containers, buildings, agencies, instrumentalities, etc., and the manner in which and the specific circumstances under which they were committed. This motion—which in effect sought a complete discovery of the Government's case in reference to the overt acts—was denied on the ground that the indictment was sufficiently definite in view of the unknown matters involved and the motion called " for too much details of evidence."

The application for the bill of particulars was one addressed to the sound discretion of the court, and, there being no abuse of this discretion, its action thereon should not be disturbed. See *Rosen* v. *United States,* 161 U. S. 29, 40; *Dunlop* v. *United States,* 165 U. S. 486, 491; *Knauer* v. *United States* (C. C. A.), 237 Fed. 8, 13; *Horowitz* v. *United States* (C. C. A.), 262 Fed. 48, 49; *Savage* v. *United States* (C. C. A.), 270 Fed. 14, 18. And there is nothing in the record indicating that the defendant was taken by surprise in the progress of the trial, or that his substantial rights were prejudiced in any way by the refusal to require the bill of particulars. See *Connors* v. *United States,* 158 U. S. 408, 411; *Armour Packing Co.*

v. *United States,* 209 U. S. 56, 84; *New York Central R. R.* v. *United States,* 212 U. S. 481, 497.

4. Error is also assigned as to a statement made in the charge to the jury in respect to the defendant's knowledge that certain opium had been unlawfully imported; but it suffices to say that this was not excepted to.

The judgment is

*Affirmed.*