**UNITED STATES of America**

v.

**Dr. Albert Emanuel BLUMBERG.**

**Cr. No. 17963.**

United States District Court
E. D. Pennsylvania.

Dec. 12, 1955.

See, also, 136 F.Supp. 269.

W. Wilson White, Philadelphia, Pa., David H. Harris, Washington, D. C., for the United States.

Thomas D. McBride, Michael von Moschzisker, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

The defendant is indicted for violation of the membership clause of the Smith Act, 18 U.S.C.A. § 2385, as more fully appears in an opinion and order filed in the matter denying defendant's motion to dismiss the indictment. Now pending are defendant's motions (1) for bill of particulars (2) for pre-trial discovery and inspection of documentary evidence, and (3) for pre-trial production of documentary evidence.

Rule 7(c) of the Rules of Criminal Procedure, 18 U.S.C.A., provides, in substance, that the indictment shall be a plain, concise and definite written statement of the essential facts constituting the offense charged; that it shall be signed by the government attorney; and that it shall state for each count the official or customary citation of the statute alleged to have been violated.

In Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861, the Court said:

"The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' Cochran and Sayre v. United States,

157 U.S. 286, 290, 15 S.Ct. 628, 630, 39 L.Ed. 704; Rosen v. United States, 161 U.S. 29, 34, 16 S.Ct. 434, 480, 40 L.Ed. 606."

█ Rule 7(f) of the Rules of Criminal Procedure provides that the court, for cause, may direct the filing of a bill of particulars. An application for a bill of particulars is addressed to the sound discretion of the court. Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545.

The indictment in the present case charges that continuously from July 26, 1945 to October 6, 1954, the Communist Party of the United States of America was a group of persons who did teach and advocate the overthrow of the United States Government by force and violence as speedily as circumstances would permit, and that defendant was a member of that Party within this jurisdiction continuously during the same period, with knowledge during the same period that the Party was such a group who did so teach and advocate. The indictment was signed by the government attorney and alleges a violation of 18 U.S.C. § 2385.

██ The indictment is sufficiently specific and complies with Rule 7(c). Manifestly the real purpose of this motion for bill of particulars is to have furnished to defendant a summary of the evidence upon which the government proposes to rely to sustain the averments of the indictment. This is not the proper function of a bill of particulars and is not "cause" under Rule 7(f).

During the oral argument on these motions, counsel advised the court that they were reasonably certain that a mutually satisfactory agreement would be had between counsel respecting the matters related to in the two other motions yet pending.

Accordingly December 12, 1955, it is ordered that

1. Defendant's motion for bill of particulars is denied.

2. Defendant's motions for pre-trial discovery and inspection of documentary evidence and for pre-trial production of documentary evidence are denied without prejudice to the right of defendant to renew said motions or either of them within fifteen (15) days from the date hereof, if, by then, counsel shall be unable, by agreement, to dispose of the subject-matters of said motions.