**UNITED STATES of America**

v.

**William A. TAYLOR.**

**Crim. A. No. 14868.**

United States District Court
W. D. Pennsylvania.

Dec. 11, 1956.

Hubert I. Teitelbaum, Pittsburgh, Pa., for the United States.

Kalman A. Goldring, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This matter comes before the court on defendant's motion for bill of particulars in connection with a two-count indictment charging defendant with wilfully and knowingly attempting to defeat a large part of the income tax due and owing by him and his wife for the calendar years 1949 and 1950, 26 U.S.C.A. § 145(b).

Defendant demands that he be furnished a bill of particulars of the indictment herein as follows:

1. The basis upon which the asserted deficiency in tax is computed, i. e. bank deposits, net worth or other.

2. If the bank deposit method is to be relied on then:

(a) a description of the bank accounts involved sufficient to identify them.

(b) the asserted total deposits in each year, asserted nontaxable deposits, asserted deposits of others than defendant, and any other adjustment made to reach the total income asserted.

(c) the detailed computation which the government expects its evidence will prove which shows the alleged correct net income including all of the figures entering into it.

3. If net worth or other method is used:

(a) the detailed computation which the government expects its evidence will prove which shows the alleged correct net income including all of the figures entering into it.

4. If "other items" enter into the computation, a description of each of such items including the dollar amount or value thereof which enters into the computation.

5. The claimed source or sources of the alleged unreported income.

6. The amount of claimed unreported income from each alleged source thereof.

At time of argument, the United States Attorney apprised the court and defendant of the theory of proof that the government intended to pursue to establish its case. He further indicated his willingness to review the gravamen of the indictment with defendant's counsel and indicate to him with particularity the elements of the offense. In order to eliminate any possible confusion on defendant's part, the court requested the United States Attorney to submit in written form the basis upon which the government would proceed to sustain the allegations laid down in the indictment.[1] The

1. In response to the court's request, the United States Attorney submitted the following letter:

"Honorable Wallace S. Gourley
"Chief United States District Judge
"New Federal Building
"Pittsburgh 19, Pennsylvania
        "Re: United States of America v.
                William A. Taylor
        "No. 14868 Criminal
"Dear Sir:
    "I make reference to your oral request that we submit a statement as to the basis upon which the government intends to proceed to sustain the allegations laid down in the indictment in the above captioned matter.
    "Please be advised that this case will be developed on the bank deposits-expenditures method of proof. It bears a striking similarity to the Cindrich case which was recently tried in this district. [140 F.Supp. 356.] We also intend, in addition to the bank deposits-expendi-

tures method of proof, to corroborate the same by use of the net worth method as well as proving certain specific items wherein taxable income from specific sources was not reported by the defendant.

    "In proving our case by the bank deposits-expenditures method, we intend to follow the classic method of proof with the additional factor that the defendant did not maintain the bank accounts in his own name. For example, we intend to prove that a certain account of the Mellon National Bank and Trust Company, East Liberty Branch, although in another name, was actually that of the defendant. It would also appear that we will offer proof that similar fictitious accounts were maintained at other banks, and also, that the defendant maintained accounts at other places where large credits were carried.

    "We also intend to introduce evidence as to the sources of his income, both

government has indicated that it will prosecute this action on the bank deposits-expenditures corroborated by net worth and specific items theory of proof; that defendant is charged with failing to report income approximating $20,000 in his tax return for 1949 and $30,000 in his return for 1950; that these amounts were arrived at principally through a reconstruction of defendant's income by means of the bank deposits-expenditures method, more particularly, by which is meant that defendant created certain fictitious accounts, as an example, one of said accounts being at the Mellon National Bank and Trust Company, East Liberty Branch, Pittsburgh, Pennsylvania, and other accounts with banks and other places well known to defendant; that defendant realized income not only from business sources but also from wagering activities in connection with which the aforementioned fictitious accounts were created, and that deposits and business arrangements were made with persons who were connected with defendant in furtherance of his activities commonly designated as the wagering business, the names of said persons and records relative thereto being well known to defendant. That the government does not intend to establish that defendant had a bank account in his own name.

A motion for a bill of particulars in a criminal proceeding is addressed to the trial court's discretion. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; United States v. Caserta, 3 Cir., 199 F.2d 905; United States v. Kafes, 3 Cir., 214 F.2d 887.

Subsequent to the indictment, the written statement submitted to the court by the United States Attorney, which statement the court has ordered made a part of the record of this proceeding, sufficiently informs the defendant of the nature and extent of the government's theory of prosecution. The government's written statement apprises the accused of the charge against him in sufficient manner to enable him to prepare his defense without being taken by surprise. The defendant knows where bank accounts were maintained in which he had ownership or a substantial interest, and with proper application should be able to analyze said accounts. The accused also knows the sources of his income from normal business channels or any other business activities in which he was interested directly or indirectly, and should be aware of expenditures in connection with his activities regardless of their nature which are a subject for proper deduction in determining income for tax purposes.

It has always been the unswerving policy of this member of the court to meticulously safeguard the rights of an accused by requiring the government to present its allegations with sufficient particularity and definiteness to unequivocally inform him of the specific nature of the charges upon which the indictment is laid.

The government should not be required to spell out its evidence in detail and satisfy every objection which the ingenuity of the accused or his counsel might present, and I do not believe that the best interests of justice would be subserved in requiring the government to produce evidentiary material of which the accused has knowledge.

I must conclude, therefore, that the indictment and the written statement submitted by counsel for the government conform to the requirements of law.

The motion for bill of particulars will be refused.

An appropriate order is entered.

---

legitimate and from gambling activities. We will also introduce evidence to show availability to him of cash derived from these sources.

"So far as we know, the defendant did not maintain any bank accounts in his own name, and we do not intend at this time to introduce evidence concerning any such accounts.

"Very truly yours
"D. Malcolm Anderson
"United States Attorney
"By: Hubert I. Teitelbaum
    "First Assistant"