UNITED STATES of America,
Appellee,

v.

Marty RUSSO, Appellant.

No. 145, Docket 25086.

United States Court of Appeals
Second Circuit.

Submitted Oct. 17, 1958.

Decided Nov. 13, 1958.

Robert B. Posnick, New York City, and Joseph P. Jenkins, Kansas City, Kan., submitted a brief for appellant.

John T. Moran, Jr. and Mark F. Hughes, Jr., New York City, submitted a brief for appellee.

Before HAND, HINCKS and WATERMAN, Circuit Judges.

PER CURIAM.

The appellant, Russo, appeals from an order, denying his motion under § 2255 of Title 28 U.S.C. to vacate a sentence of five years imprisonment, imposed for conspiring with nine other persons to transport stolen motor cars in interstate and foreign commerce. Count XII of the indictment, the only count in which he was charged, was coupled with the other counts, which charged some of the alleged conspirators with the actual transportation of stolen cars, identified by their registration numbers. Before trial the appellant demanded a bill of particulars, seeking disclosure of the details of the conspiracy, all of which the district court

denied except that it required the prosecution to disclose "the places where, the dates when, and the names of each defendant with whom" the defendant " * * * caused to be transported * * * stolen motor vehicles * * *." In compliance with this order the prosecution did serve upon the appellant a list of over a hundred instances in which cars were transported, stating the dates and places from which, and to which, they were taken, though not stating the names of the alleged confederates concerned in each transportation, or the registration number of the cars. The prosecution declared that the list gave such particulars as it then knew. It does not appear that the appellant complained at the trial or on appeal (United States v. D'Ercole, 2 Cir., 1955, 225 F.2d 611), of the insufficiency of the particulars disclosed; nor did he so complain when he made an earlier motion under § 2255 over two years ago. Nevertheless, his present position is that the absence of the particulars demanded denied him such a constitutional right "as to render the judgment vulnerable to collateral attack" within the meaning of § 2255.

It is obviously a matter of degree how far an accused must be advised in advance of the details of the evidence that will be produced against him, and no definite rules are possible. All that can be said is that he must know enough to be able to produce in season whatever evidence he may have in answer, and that the charge must become clear enough at the trial to make the judgment available to him on a future plea of "former jeopardy." The general doctrine is that the extent of the particulars granted lies in the discretion of the trial court, and any abuse of that discretion can of course be reviewed upon appeal. Wong Tai v. United States, 1927, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545; United States v. Kushner, 2 Cir., 1943, 135 F. 2d 668, 673, 674. Conceivably there might be a situation, in which the refusal of particulars could even make the judgment of conviction "vulnerable" to

"collateral attack"; though we must own that it is difficult to imagine how that could be, if the court had considered the motion, and especially if as here it gave some relief. Certainly the case at bar is not one in which we should stretch such an exception, if there be one. Not only, as we have said, did the appellant not complain upon his first motion in the District Court under § 2255, but upon this motion he does not tell us in what way the denial of what he asked prejudiced his defence.

Order affirmed.