UNDERWRITERS CONSTRUCTION COMPANY, Inc., by and through its President, Robert H. Johnson and Robert H. Johnson, personally, Appellants,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 2732.

Municipal Court of Appeals for the District of Columbia.

Argued April 10, 1961.

Decided May 8, 1961.

---

237

Earl J. Lombard, Washington, D. C., for appellants.

John R. Hess, Asst. Corporation Counsel, Washington, D. C., with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Retired Judge.

■ Appellants were convicted and fined for two violations of the Real Estate and Business Brokers' License Act.[1] This statute makes it unlawful to act as a real-estate broker without a license, and defines such broker as anyone engaged in the business of erecting houses or causing the erection for sale on his land, and sells or offers them for sale, "or who, as owner or otherwise * * * sells, * * * offers or attempts to sell or to negotiate the sale of any lot or lots in any subdivision of land comprising ten lots or more * * *."[2]

The government presented evidence that appellant Johnson had negotiated for the purchase of a tract or subdivision of land containing some 15 lots and that title was taken in the name of appellant Underwriters Construction Company, Inc., of which company Johnson was president. A witness testified that following negotiations with Johnson he entered into a contract with the corporate defendant to buy one of the lots, with improvements. Another witness testified that in similar negotiations he contracted with defendant Underwriters to buy two of the lots, with improvements. Documents evidencing these transactions were introduced. It was admitted that defendants had no license as prescribed by law. No evidence was presented by either defendant.

1. Code 1951, 45–1401.

2. Code 1951, 45–1402.

Appellants say the court erred in denying their "Motion for a Bill of Particulars and to Correct or Dismiss the Information", made in advance of trial. They complain that the information did not state exact dates but instead alleged that the offenses were committed between certain dates;[3] that the information did not recite which acts were allegedly committed by the corporate defendant and which by the individual defendant; also that the information did not name the persons to whom the alleged offers of sale were made.

We have held that "the averments in the information must be such as to enable the accused to understand the nature of the charge against him, intelligently to meet it, and to plead the result, whether conviction or acquittal, as his protection against another prosecution for the same offense."[4] We think the information in this case met those criteria. And we are satisfied that there is nothing in the record to indicate that the denial of the motion resulted in prejudice or surprise in the course of the trial.[5]

It is next argued that the trial court should not have received an exhibit consisting of (a) an affidavit signed by Johnson reciting the nature of one of the sales transactions, (b) an agreement between the purchaser and another (to which Johnson was also signatory) for the construction of a house on the lot, and (c) a sales contract for one of the lots, signed by Johnson as president of Underwriters.

It is argued that Johnson's affidavit was not the best evidence of the transaction. But it was along the same lines as the testimony of a government witness and was properly received as an admission against interest. It is clear that the other two documents were directly relevant to the question as to whether appellants had made a sale of a lot or lots in the subdivision.

The remaining assignments of error challenge in various ways the correctness and sufficiency of the instructions to the jury. We have studied the instructions in the light of these criticisms. In the course of his charge the judge explained to the jury the nature of the statute and the essentials of the offenses charged, discussing the two counts of the information separately. He explained the separate status and responsibility of each defendant and what the government was required to prove as to each. He also charged correctly as to the presumption of innocence and reasonable doubt, and twice told the jury that if they were not convinced of the guilt of defendants on either or both counts, they should find them not guilty. The instructions were fair and correct. See Blohm v. District of Columbia, D.C.Mun.App., 113 A.2d 111. And it is not unfair to mention that appellants did not avail themselves of the opportunity to present written instructions as to particular issues or theories they wanted explained to the jury.

The record being free of error, the convictions must be

Affirmed.

---

3. The information refers to offenses committed on March 13, 1958, "and on divers other days between that date and the date of the filing of this information" which was approximately 20 months, and offenses committed between September 28, 1958, "and on divers other days between that date and the date of the filing of this information," a period of approximately 14 months.

4. Robles v. United States, D.C.Mun.App., 115 A.2d 303, 306.

5. See Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545, and cases cited therein.