**Robert Alan TALMANSON, Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 6957.**

United States Court of Appeals
First Circuit.

Heard Nov. 6, 1967.

Decided Dec. 11, 1967.

Rya W. Featherston, Boston, Mass., by appointment of the Court, for appellant.

John Wall, Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., and Edward F. Harrington, Asst. U. S. Atty., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

Appellant, convicted for failure to comply with local draft board orders to submit to a physical examination and induction, attacks on due process grounds

the validity of selective service regulations governing deferment of college students, 32 C.F.R. § 1622.25(a), issued under the authority of 50 U.S.C. App. § 456(h). He asserts specifically, (1) that the regulations are unconstitutionally vague in that they lack fixed standards binding on the local boards, and (2) that they are arbitrary and unreasonable, giving preference to those economically and socially advantaged enough to attend college without reference to their contributions to the national health, safety or interest.

■ Appellant faces two difficult threshold problems. The first arises out of the fact that his defense at trial was conducted without any reference by his then counsel to these constitutional grounds and without any requests for instructions related to them. The issue of constitutionality not having been raised before the trial court, we do not feel constrained to pass upon it. Wong Tai v. United States, 273 U.S. 77, 78, 47 S.Ct. 300, 71 L.Ed. 545 (1927); Morgano v. Pilliod, 299 F.2d 217, 218–219 (7th Cir.), cert. denied, 370 U.S. 924, 82 S.Ct. 1564, 8 L.Ed.2d 505 (1962); Ladrey v. Commission on Licensure to Practice the Healing Art in Dist. of Columbia, 104 U.S.App.D.C. 239, 261 F.2d 68, 71, cert. denied, 358 U.S. 920, 79 S.Ct. 288, 3 L.Ed. 2d 239 (1958).

■ Apart from this fatal defect in the appeal, we do not see how, even if the issue had been raised below, this appellant has standing to challenge the regulations. He is a high school graduate whose resistance to the draft is based on dictates of conscience, although he has withdrawn his claim for classification as a conscientious objector. His present argument that he has standing is simply that his chances of escaping induction would have been enhanced had a greater number of college students enlarged the pool of available manpower. By the same reasoning an individual could resist paying his income tax on the ground that the deductions allowed for oil depletion were discriminatory, reduced the government's revenue, and increased the call on his own

exchequer. Whatever may be the law allowing citizens to bring actions to protect the public interest, Frothingham v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923); Flast v. Gardner, 271 F.Supp. 1 (S.D.N.Y.), prob. juris. noted, 389 U.S. 895, 88 S.Ct. 218, 19 L.Ed.2d 212 (1967), we think that an individual must show a closer nexus between private interest and public good before he may assert an alleged defect in a public law or regulation as a defense to an alleged infringement of his rights.

■ Even were we able to hurdle these preliminary questions, we could not take the narrow view of "national health, safety or interest" that appellant urges upon us. Appellant first argues that "interest" must have as narrow a meaning as "health" and "safety". This assumes either that the Congress was using a superfluous word or that it was concerned only about the national interest in marshaling the sinews of war for the immediate future. We read the Universal Military Training and Service Act as defining the national interest as something to be advanced not only by encouraging students in rocket engineering but also in the social sciences and the humanities.

■■ As to appellant's second claim, that the selective service regulations are invalid for lack of uniform standards governing the operations of the local boards, we note that the propriety of delegating discretionary power to local officials has long been established. Selective Draft Law Cases, 245 U.S. 366, 389, 38 S.Ct. 159, 62 L.Ed. 349 (1918). So long as we have a system entrusting the application of national policy to local units vested with discretion, there will be—as, indeed, it is intended that there will be —variations in assessing area needs and availabilities. The fact that injustices and arbitrary actions occur on the local level is a matter for the continuing attention of Congress and the Selective Service, not a basis for a declaration of invalidity of the underlying regulation. Appellant's argument that there is "no justification for the [selective service]

system's failure to operate according to the same standard of precision required of a criminal statute" obscures the difference between a branch of the law imposing minimum standards for society's safety and one which seeks optimum adjustment of resources to needs for society's strength.

Affirmed.