**UNITED STATES of America, Plaintiff,**

v.

**Gerald Frank OLSON and Donald Felix Pichelman, Defendants.**

No. 72–CR–52.

United States District Court, E. D. Wisconsin.

July 11, 1972.

---

David J. Cannon, U. S. Atty., by Joseph P. Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Theodore W. Harris, Racine, Wis., for Pichelman.

Thomas E. Greenwald, Racine, Wis., for Olson.

DECISION

MYRON L. GORDON, District Judge.

The defendants in this action are charged in a one count indictment involving an alleged stolen motor vehicle moving in interstate commerce. The defendant Pichelman has moved for an order permitting him to copy summarized statements attributed to him in an agent's investigative report; the defendant Olson seeks a separate trial. In addition, both defendants have moved for bills of particulars.

The motions for bills of particulars will not be granted. The government has made its investigative file available for the defendants' inspection. The motions for bills of particulars seek a detailed disclosure of the government's evidence, and that is not the function of a bill of particulars. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927).

The defendant Olson's motion for a separate trial should be denied. Rule 8(b), Federal Rules of Criminal Procedure, provides for the joinder of multiple defendants if they are alleged to have participated in the same transaction or series of transactions in which

**58**

the other defendants are alleged to have participated.

 The defendant Olson is entitled to a separate trial if he could show that he would be so prejudiced by a joint trial that, in effect, he would be denied a constitutionally fair trial. United States v. Blue, 440 F.2d 300, 302 (7th Cir. 1971). See also United States v. Cervantes, 466 F.2d 736 (7th Cir., decided March 6, 1972); United States v. Bornstein, 447 F.2d 742, 746 (7th Cir. 1971); United States v. Brandom, 273 F. Supp. 253, 257 (E.D.Wis.1967). In my opinion, the allegation that Mr. Olson may wish to call his codefendant as a witness and the allegation that the jury may find guilt by association are not sufficient justification for a separate trial.

The defendant Pichelman asserts that although the government has permitted inspection of its investigative file, it has refused to permit him to copy the investigative reports which allegedly contain summarized statements attributed to him. He seeks an order permitting him to copy such statements.

 Rule 16(a), Federal Rules of Criminal Procedure, authorizes the inspection and copying of any statements made by a defendant. Nevertheless, when such statements are not recorded verbatim but are summarized and incorporated into an investigative report made subsequent to the interview, there is no absolute right to pre-trial discovery. Inspection and copying of the summarized statement rests within the discretion of the court. United States v. Battaglia, 410 F.2d 279, 283 (7th Cir. 1969). In my opinion, the defendant Pichelman should be permitted to copy summarized statements attributed to him in the agent's investigative report, but he is not entitled to copy the entire report. See United States v. Morrison, 43 F.R.D. 516, 519 (N.D.Ill. 1967).