**UNITED STATES of America**

v.

**James Arthur PARKER, Jr.**

**Crim. No. HCR 86–29.**

United States District Court,
N.D. Indiana,
Hammond Division.

Aug. 29, 1986.

Andrew B. Baker, Asst. U.S. Atty., N.D. Ind., Hammond Div., for plaintiff.

Joseph S. Irak, Merrillville, Ind., for defendant.

## ORDER

MOODY, District Judge.

This matter comes before the court on defendant James Arthur Parker's Motion for Bill of Particulars, Motion for Government Agents to Retain Rough Notes, Motion for Complete List of Government Witnesses and Motion for Additional Discovery, all filed on August 8, 1986. The United States of America ("government"), filed its responses to these motions on August 14, 1986.

### I.

Defendant Parker requests a court order directing the government to provide a bill of particulars concerning: (1) specific acts of Parker which formed the basis of the government's allegations; (2) the exact dates of the alleged acts; (3) names of co-participants; (4) any overt acts not enumerated in the indictment (which the government intends to offer into evidence at trial); (5) the identity and address of any person who participated in the alleged illegal acts (whether joined as a defendant or not); and (6) the names and addresses of persons who testified before the grand jury but will not be called at trial. In its response to Parker's request, the government takes the position that the indictment and the Rule 16, Fed.R.Crim.P., discovery provided the defendant sufficiently informs the defendant of the charges against him.

The decision to grant or deny a motion for a bill of particulars rests in the

discretion of the trial court. Fed.R.Crim.P. 7(f); 8 Moore's Federal Practice, ¶ 7.06[2]; *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir.1985); and *United States v. Johnson*, 504 F.2d 622 (7th Cir.1974). A bill of particulars should be granted only where necessary to inform the accused of the charge against him with sufficient precision to enable him to prepare his defense, to avoid or minimize the danger of surprise at trial, or to enable him to plead his acquittal or conviction in bar of further prosecution for the same offense. *Wong Tai v. United States*, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); *United States v. Giese*, 597 F.2d 1170 (9th Cir.), *cert. denied*, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979). A bill of particulars is not an investigative vehicle for the defense and is not available as a tool "to obtain detailed disclosure of the Government's evidence prior to trial." *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir.), *cert. denied*, 439 U.S. 819, 99 S.Ct. 80, 58 L.Ed.2d 109 (1978); *United States v. Long*, 449 F.2d 288 (8th Cir.1971), *cert. denied*, 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed.2d 247 (1972).

Recently, in *United States v. Andrus*, 775 F.2d 825 (7th Cir.1985), the Seventh Circuit discussed the quantum of information needed in an indictment in order to give a defendant sufficient notice of the charges brought against him.

If the indictment contains sufficient information to inform the defendant of the nature of the charges against him, and the government provides the defendant with information about the alleged overt acts and co-conspirators prior to trial, the defendant has not suffered prejudice from the refusal of the request. Further, if the defendant could, from reading the indictment, reasonably anticipate the evidence to be introduced at trial, the denial of the motin does not prejudice the defendant.

*Id.* at 843.

■ In the instant case, the indictment specifies the alleged overt acts of Parker, the dates, and the federal statute that Parker allegedly violated.[1] The indictment does not reveal the names of any co-conspirators, thus, it appears at this stage in the proceedings that the government does not have plans to indict additional individuals in this matter. A bill of particulars is not an investigative vehicle for the defense and is not available as a tool "to obtain detailed disclosure of the Government's evidence prior to trial." *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir.), *cert. denied*, 439 U.S. 819, 99 S.Ct. 80, 58 L.Ed.2d 109 (1978); *United States v. Long*, 449 F.2d 288 (8th Cir.1971), *cert. denied*, 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed.2d 247 (1972). The court finds that a reading of

---

1. The indictment reads:

THE GRAND JURY CHARGES:

COUNT I

On or about the 3rd day of August, 1984, in the Northern District of Indiana,

JAMES ARTHUR PARKER, JR.

with intent to defraud, did pass, utter and publish and attempt to pass, utter and publish an altered obligation of the United States, to-wit: an one-dollar Federal Reserve Note altered to resemble a $10 Federal Reserve Note;

In violation of Title 18, United States Code, Section 472.

COUNT II

THE GRANT JURY CHARGES:

On or about the 12th day of November, 1984, in the Northern District of Indiana,

JAMES ARTHUR PARKER, JR.

with intent to defraud, did pass, utter and publish and attempt to pass, utter and publish an altered obligation of the Untied States, to-wit: an one-dollar Federal Reserve Note altered to resemble a $10 Federal Reserve Note;

In violation of Title 18, United States Code, Section 472.

COUNT III

THE GRANT JURY CHARGES:

On or about the 13th day of Setpember, 1984, in the Northern District of Indiana,

JAMES ARTHUR PARKER, JR.

with intent to defraud, did pass, utter and publish and attempt to pass, utter and publish an altered obligaiton of the United States, to-wit: two one-dollar Federal Reserve Notes altered to resemble $10 Federal Reserve Notes;

In violation of Title 18, Untied States Code, Section 472.

the indictment permits Parker to reasonably anticipate the evidence to be introduced at trial. Therefore, Parker's request for a bill of particulars is DENIED.

## II.

Parker requests a court order directing all government agents who investigated the charges in this case to retain and preserve all "rough notes taken as part of their investigation notwithstanding whether or not the contents of the said notes are incorporated in official records." The government has responded by assuring that it would instruct the investigative agents to preserve and retain all rough notes taken as part of the investigation which were still in existence at the time of Parker's request.

The court finds that the government's response satisfies Parker's request with regard to the notes taken by the investigative agents; thus, to that extent, Parker's motion is GRANTED.

## III.

Parker requests an order from this court directing the government to produce a complete list of witnesses. The government acknowledges that the district court has the inherent power to issue such an order, *United States v. Jackson*, 508 F.2d 1001, 1007 (7th Cir.1975), however, the government argues that such an order should be issued sparringly, in light of congressional policy against orders of this kind.

In *Jackson*, the Seventh Circuit upheld a district court's order requiring the mutual disclosure of witnesses to be called at trial. In so holding, the court of appeals noted that the complexity of issues involved in that case justified the disclosure of witnesses. The court stated:

In this context, considering the requirements necessary to prove the elements of the offenses charged, and in view of the large number of defendants, witnesses, and exhibits thought to be involved, we find these objectives were proper and that the court's order would further their attainment. If necessary, the Government could have, but here did not, seek a protective order under Fed.R. Crim.P. 16(e). We find, therefore, that the trial court did not abuse its discretion by ordering the mutual disclosure of witnesses to be called at trial.

*Id.* at 1007–08 (footnote omitted).

The general rule on the disclosure of witnesses before trial is that such information is nondiscoverable. The legislative history of Fed.R.Crim.P. 16 reveals a congressional policy against the disclosure of witnesses. In 1974, Congress was considering amendments to Rule 16 which would specifically provide for discovery of witnesses. An amendment in the House of Representatives was in favor of disclosure while the Senate version of the bill opposed disclosure. A conference committee adopted the Senate position against disclosure and stated:

A majority of the Conferees believe it is not in the interest of the effective administraiton of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial. Discouragement of witnesses and improper contacts direct d at influencing their testimony were deemed paramount concerns in the formulation of this policy.

H.R.Rep. No. 94–414, 94th Cong. 1st Sess. 12, reprinted in 1975 U.S.Code Cong. & Admin.News 674, 716.

In the instant case, the issues are not complex; in fact, they appear to be rather simple and straight forward. Parker is accused of passing tampered or forged one dollar bills on three (3) different occasions. The indictment reveals the alleged acts, the relevant dates and the statutes implicated. Moreover, in an investigative interview with Parker, the government described in detail the times and locations of the alleged

offenses. A copy of the interviewer's notes summarizing these facts was made part of the record and is available to Parker.[2]

■ Therefore, the court holds that the circumstances surrounding this case do not justify the disclosure of the names of witnesses by either party; accordingly, Parker's request for a complete list of witnesses is DENIED.

## IV.

Finally, Parker has requested the court, in a Motion for Additional Discovery, for an order directing the government to supply the following information:

1. A list of the names and addresses of all witnesses which the government intends to have testify at trial;

2. Any agreements made between the government and any witnesses in the nature of a Plea Agreement in return for the testimony of said witness;

3. A list of the names and addresses of all government witnesses who have prior convictions and the nature and date of said conviction;

4. A list of other indicted persons whose names and addresses are known to the grand jury which returned the indictment which is the subject of this cause;

5. All statements or reports in the possession of the United States which were or had been made by government witnesses or prospective government witnesses as provided in 18 U.S.C. § 3500.

■ Insofar as items 1, 2, 3 and 5 of Parker's request are seeking the names of witnesses, these requests are duplicitous of his previous request and are DENIED for the reasons stated in Part III of this order.[3]

---

**2.** The interviewer's notes made available to Parker are set out below:

On 6/6/85, I located James Arthur Parker, Jr, on the street at approximately 17th and Washington, Gary. He voluntarily accompanied me to the U.S. Postal Inspector's Office, Gary, for an interview, he indicated that his mailing address is still 1828 Broadway, Gary, but that he considered his residence to be his parents address at 2665 Byler, Gary 219/882-8840 (George and Cecil Ford). I obtained a Personal History, photographs, and finger/palmprints of Parker, which he voluntarily provided. He was verbally advised of his Constitutional Rights pertaining to the making of statements and agreed to answer questions regarding his alleged raised note activity. Regarding the subject raised notes passed at Broadway Produce, Parker indicated that he had sold some items (flowers, Spam, and other items) to an unknown individual at 25th and Broadway, Gary, and he had received an apparent $10 bill from that individual. He indicated that he then went to Broadway Produce to buy some lemons, and when he tried to pay them, they indicated that the bill he gave them had been altered. He stated that he left Broadway Produce, and the police picked him up and held him overnight, but he had not realized that the bill had been altered. Regarding the subject note passed at Valu-Mart, Parker indicated that he was the individual in the photogrpah as the passer of that note, but stated that an unknown individual had given him an apparent $10 bill to go

pick-up some Wild Irish Rose and a couple of "joints". When he tried to spend the $10 bill at Valu-Mart, they indicated to him there was a problem with the bill in that it had been altered, taking his photograph and then letting him go. He again indicated that he had not realized that the bill had been altered. Regarding the subject note passed at Guy's Liquors, Parker indicated that he has never been at that location and that he only goes to liquor stores on the East side of Broadway, (Guy's Liquors is on the west side of Broadway). Regarding other similar altered currency passed in the same neighborhood of Gary at about the same time, Parker indicated that he has had nothing to do with them.

**3.** Parker's request in item 5 is made pursuant to the Jencks Act, 18 U.S.C. § 3500. Although this statute makes certain witness statements discoverable, Parker's request for those statements before trial is premature. The Jencks Act explicitly bars such discovery until a witness has actually testified on direct examination in the trial.

In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection *until said witness has testified on direct examination in the trial of the case.*

18 U.S.C. § 3500(a) (emphasis added).

Parker's remaining requests are DENIED because he has failed to satisfy the requirements for requests for additional discovery as set forth by the Magistrate's Order of July 31, 1986. In that order, Magistrate Rodovich stated:

> In the event the defendant moves for additional discovery or inspection, his motion shall be filed within the time set for pretrial motions and shall contain:
>
> (1) A statement that a conference was held and the date;
>
> (2) The name of the government attorney with whom the conference was held; and
>
> (3) A statement that agreement could not . be reached concerning the discovery matters which are the subject of the motion.

Parker's request for additional discovery is lacking each of these three items. Accordingly, his Motion for Additional Discovery is DENIED.

## CONCLUSION

For the foregoing reasons, Parker's Motion for Bill of Particulars, Motion for a Complete List of Witnesses, and Motion for Additional Discovery are all DENIED. Parker's Motion for Government Agents to Retain Rough Notes is GRANTED as discussed in Part II of this order.

