**UNITED STATES of America,**

v.

**Iftekhar AHMAD, Defendant.**

**No. 97 CRIM. 1168 LAK.**

United States District Court,
S.D. New York.

Feb. 9, 1998.

Eric Seidel, Assistant United States Attorney, Mary Jo White, United States Attorney, New York City, for U.S.

Robert S. Wolf, New York City, for Iftekhar Ahmad.

## MEMORANDUM OPINION

KAPLAN, District Judge.

The defendant, who is charged with one count of bank fraud in violation of 18 U.S.C. § 1344, moves for a bill of particulars, additional discovery pursuant to Rule 16, to suppress any custodial statements he made on the ground that the statements were ob-

tained in violation of *Miranda v. Arizona*[1] and were coerced, to suppress the fruits of a search incident to an allegedly unlawful arrest, and for the production of *Brady* material.

The motion is entirely without merit. The Court writes briefly to point out certain of its fundamental deficiencies because they occur all too frequently in motion practice in criminal cases.

*The Motion for a Bill of Particulars*

■ Counsel's papers in support of the motion for a bill of particulars starts from the premise that the defendant is charged with conspiracy and proceeds to seek particulars concerning the manner and means in which the conspiracy was carried out, the overt acts allegedly committed, the substantive offenses allegedly committed in furtherance of the conspiracy, the identities of unnamed co-conspirators, and so on. There is no suggestion in the moving papers that defense counsel has made any effort to resolve this issue without the Court's intervention.

Local Criminal Rule 16.1 provides:

"No motion addressed to a bill of particulars or answers or to discovery and inspection shall be heard unless counsel for the moving party files with the court simultaneously with the filing of the moving papers an affidavit certifying that said counsel has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the court and has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues remaining unresolved."

The filing of the motion for a bill of particulars without the requisite affidavit contravenes Rule 16.1. Accordingly, the motion is denied.

■ Even if the motion were not denied for failure to comply with Rule 16.1, it would be denied on the merits. The indictment—which is only one paragraph in length—does not charge a conspiracy. In consequence, the demand for particulars is entirely unrelated to the charge against the defendant. The government, moreover, has made the theory of its case entirely clear. Defendant is charged with having met on March 14, 1997 with a confidential informant ("CI") and agreed on that occasion to sell Discover Card checks to the CI for $2,000 to $3,000 on delivery against 45 percent of the face value once the checks were deposited in a bank account and cleared. The government alleges also that the defendant, in the period March 16 to 21, 1997, sold the CI six forged checks totaling $110,000.

■ The purpose of a bill of particulars is to inform the accused of the charge against him or her with sufficient precision to enable preparation of a defense, minimize the danger of surprise at trial, and enable the accused to plead an acquittal or conviction in bar of further prosecution for the same offense.[2] Where the defendant has the necessary information from other sources, including discovery materials, the government will not be compelled to provide particulars.[3] Given the information supplied by the government, defendant would not be entitled to a bill of particulars even if the particulars requested bore some rational relationship to the case.

*Discovery*

■ Defendant seeks discovery described in a 31 paragraph laundry list contained in counsel's affidavit. The demands include such items as a list of the government's witnesses and the identities of any informants but range far afield into such matters as polygraph examinations of any prospective witnesses.

There is no suggestion that counsel has made any effort to resolve any discovery

---

1. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. *E.g., Wong Tai v. United States*, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545 (1927); *United States v. Torres*, 901 F.2d 205, 234 (2d Cir.), *cert. de-* nied, 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990).

3. *E.g., United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir.1987).

issues with the government before invoking the aid of the Court. Accordingly, this aspect of the motion also is denied for failure to comply with Rule 16.1. In any case, there would be no merit to the motion.

■ The district court will not require the government to provide a witness list in a criminal case "in the absence of 'a specific showing that disclosure [is] both material to the preparation of [the] defense and reasonable in light of the circumstances surrounding [the] case.' "[4] No such showing has been made in this case.

■ Nor is a defendant entitled to revelation of the identities of confidential informants absent a showing that disclosure is "shown to be material to the defense."[5] The requisite showing, moreover, is not merely that disclosure would be helpful, but that it "would be significant with respect to the ultimate question of guilt or innocence."[6] Nor is it enough to show that the informant was a participant in and witness to the offense.[7] Rather, the defendant seeking disclosure of the identity of a confidential informant must make a specific showing of materiality. No such showing has been made here.

*Motions to Suppress*

■ The motions to suppress custodial statements and the fruits of an allegedly unlawful search both depend upon factual assertions, the former on the contention that no *Miranda* warning was given before the statements were made and the latter on the proposition that probable cause was lacking for defendant's arrest. These assertions are supported only by the affidavit of counsel, who manifestly lacks personal knowledge of the matters asserted.

A party seeking to raise a factual issue to be determined at a hearing must submit admissible evidence which, if credited, would make out a *prima facie* case on the issue.

This in turn requires that the issue ordinarily be raised by an affidavit of a person with personal knowledge of the facts.[8] As there is no such evidence before the Court, there is no basis for holding an evidentiary hearing or suppressing the evidence.

*Conclusion*

As the foregoing demonstrates, this motion is utterly without merit. Moreover, the non-compliance with Rule 16.1 and the use of a boilerplate list of discovery demands bearing relatively little relationship to the specific nature of this case is particularly unfortunate. Every judge of this Court is responsible for hundreds of cases, each of which has a legitimate demand on the judge's attention. It is not too much to ask that counsel at least make an effort to resolve discovery matters among themselves before involving the Court. Nor is it too much to expect that counsel will consider what discovery really is required in each case rather than simply running their word processors to turn out form demands.

The motion is denied in all respects.

SO ORDERED.

---

**4.** *United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir.) (quoting *United States v. Cannone*, 528 F.2d 296, 301 (2d Cir.1975)), *cert. denied*, 498 U.S. 921, 111 S.Ct. 299, 112 L.Ed.2d 252 (1990).

**5.** *United States v. Saa*, 859 F.2d 1067, 1073–75 (2d Cir.1988), *cert. denied*, 489 U.S. 1089, 109 S.Ct. 1555, 103 L.Ed.2d 858 (1989).

**6.** *United States v. Long*, 697 F.Supp. 651, 663 (S.D.N.Y.1988).

**7.** *Saa*, 859 F.2d at 1073.

**8.** *E.g., United States v. Gillette*, 383 F.2d 843, 848 (2d Cir.1967).