IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 16, 2002

## STATE OF TENNESSEE v. ROBERT JAMES YORECK, III

**Direct Appeal from the Criminal Court for Montgomery County**
**No. 38639, 40000069     John H. Gasaway, III, Judge**

_____

### No. M2001-02448-CCA-R3-CD - Filed January 15, 2003

_____

The Appellant, Robert James Yoreck, III, was indicted by a Montgomery County grand jury for rape, a class B felony. A negotiated plea agreement allowed the Appellant to plead to class C felony aggravated assault. Following a sentencing hearing, the trial court imposed a nine-year sentence. On appeal, Yoreck argues that his sentence was excessive. After review, we find that plain error dictates the conviction be vacated and the case remanded for further proceedings because aggravated assault is not a lesser included offense of rape.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed and Remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the Appellant, Robert James Yoreck, III.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Jennifer L. Bledsoe, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Helen Young, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

On February 7, 1999, the Appellant and the victim, Christy Shockey, were at the laundry mat in the victim's apartment complex. A conversation ensued, and the Appellant indicated that he was "waiting for a friend to pick [him] up." The victim offered to give the Appellant a ride, and he accepted. The Appellant then gave directions, which led to a dead-end road. The Appellant put the car in park, snatched the car keys, and attempted to pull the victim out of the passenger side of the

vehicle. The Appellant got out of the car, "opened the driver's side door and pulled [the victim] out onto the ground." The victim was then raped by the Appellant.

On April 8, 1997, the Appellant was indicted for rape in violation of Tennessee Code Annotated § 39-13-503 (1997). Pursuant to a negotiated plea agreement, the Appellant pled guilty to aggravated assault as a Range II offender. At the conclusion of the sentencing hearing, the trial court imposed a nine-year sentence. This appeal followed.

## ANALYSIS

The transcript of the guilty plea proceeding was not included in the record by the Appellant. We have repeatedly and exhaustively cautioned that this omission may result in a waiver of the sentencing issue presented on appeal. *See* Tenn. R. App. P. 24(a). The record of the guilty plea proceeding in this case would have provided us with the factual basis for the plea, the specific aggravated assault offense to which the Appellant pled guilty, and the district attorney general's basis for recommendation of a plea to the lesser included offense. Tenn. R. Crim. P. 11 (c)(1), (e) - (g). Furthermore, no amendment to the indictment or other documentation is shown by the record, which would permit an "additional or different" offense to be pled to other than that charged or a lesser included offense. Tenn. R. Crim. P. 7(b). Rather, all parties apparently operated under the assumption that aggravated assault was a lesser included offense of rape. Unfortunately, that assumption was incorrect. Although the issue has not been raised by either the Appellant or the State, we find as plain error that the Appellant's conviction for aggravated assault was improper. *See* Tenn. R. App. P. 13(b); Tenn. R. Crim. P. 52(b); *State v. Adkisson*, 899 S.W.2d 626, 638-39 (Tenn. Crim. App. 1994) (issues which rise to the level of plain error lie within the sound discretion of the appellate court and may be addressed to prevent needless litigation, prevent injury to the interests of the public, prevent prejudice to the judicial process, prevent manifest injustice, or to do substantial justice).

An offense is a lesser included offense if:

(a) all of its statutory elements are included within the statutory elements of the offense charged; or

(b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing:

> (1) a different mental state indicating a lesser kind of culpability; and/or

> (2) a less serious harm or risk of harm to the same person, property or public interest; or

(c) it consists of

      (1) facilitation of the offense charged . . .; or

      (2) an attempt to commit the offense charged . . .; or

      (3) solicitation to commit the offense charged.

*State v. Burns*, 6 S.W.3d 453, 466-67 (Tenn. 1999). Here, the Appellant was indicted for rape but was convicted of aggravated assault. Rape, as charged in the indictment in this case, is defined as the:

> unlawful sexual penetration of a victim by the defendant or of the defendant by a victim accompanied by any of the following circumstances:
>
>     (1) Force or coercion is used to accomplish the act.

Tenn. Code Ann. § 39-13-503(a)(1). By comparison, class C aggravated assault to which the Appellant pled guilty is defined as follows:

> A person commits aggravated assault who:
>
> (1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and:
>
>     (A) Causes serious bodily injury to another; or
>
>     (B) Uses or displays a deadly weapon.

Tenn. Code Ann. § 39-13-102(a)(1) (Supp. 2002).

Application of the lesser included offense test articulated in *Burns* requires the conclusion that aggravated assault is not a lesser included offense of rape. To convict the Appellant of rape in this case would require proof of unlawful sexual penetration accomplished through force or coercion. *See* Tenn. Code Ann. §39-13-503(a)(1). An aggravated assault conviction, on the other hand, requires proof that the defendant (1) intentionally or knowingly caused serious bodily injury to another or (2) intentionally or knowingly caused bodily injury to another and used or displayed a deadly weapon. *See* Tenn. Code Ann. §§ 39-13-101(a)(1), -102(a)(1) (A), (B) (Supp. 2002). Each form of aggravated assault contains at least one element not included within the statutory elements of rape. *Burns*, 6 S.W.3d at 466. Likewise, the divergence of the statutory elements of aggravated assault and the statutory elements of rape does not arise as a result of aggravated assault requiring a lesser degree of culpability or a less serious harm or risk of harm. *Id.* at 466-67. Nor does

aggravated assault consist of facilitation of, attempt to commit, or solicitation to commit rape. *Id.* at 467. As such, aggravated assault is not a lesser included offense of rape.

Moreover, convicting a person of a crime neither raised by the indictment nor a lesser included offense thereof violates the Sixth Amendment, which requires that the State inform the accused "of the nature and cause of the accusation against him." U.S. CONST. amend. VI. Allowing the Appellant to be convicted for an offense that was neither charged in the indictment nor properly classified as a lesser included offense denies him appropriate notice of the charge against him. *See, e.g.*, *Hagner v. United States*, 285 U.S. 427, 52 S. Ct. 417 (1932); *Wong Tai v. United States*, 273 U.S. 77, 47 S. Ct. 300 (1927); *Rosen v. United States*, 161 U.S. 29, 16 S. Ct. 434 (1896); *Watson v. Jago*, 558 F.2d 330 (6th Cir. 1977) (all holding that the accused is denied proper notice unless the description of the offense will enable the accused to make out a defense or otherwise appropriately plead his case). For these reasons, the aggravated assault conviction must be set aside.

## CONCLUSION

The judgment of conviction is reversed, and the Appellant's plea of guilty to aggravated assault is vacated. This case is remanded to the trial court for a new trial or other appropriate proceedings.

_____
DAVID G. HAYES, JUDGE