**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10587 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01165-NVW-1 |
| v. | |
| JOHN SALIBA SHAHIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted May 13, 2013
San Francisco, California

Before: CLIFTON and BEA, Circuit Judges, and KORMAN, District Judge.[**]

John Saliba Shahin appeals his jury trial conviction of two counts of aiding

and abetting false statements in the acquisition of a firearm (18 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Edward R. Korman, District Judge for the Eastern District of New York, sitting by designation.

§ 924(a)(1)(A)) and one count of conspiracy to make false statements in the acquisition of a firearm (18 U.S.C. § 371). We affirm.

**1. The indictment sufficiently apprised Shahin of the charges against him.**

Because Shahin challenges the indictment for the first time on appeal, we construe the indictment "in favor of validity." *United States v. Coleman*, 656 F.2d 509, 511 (9th Cir. 1981) (citing *United States v. Pheaster*, 544 F.2d 353, 360-361(9th Cir. 1976)). The indictment was not fatally defective. The indictment as a whole provided adequate information about the time, place, and persons involved in the alleged conspiracy. *Wong Tai v. United States*, 273 U.S. 77, 81 (1972). Further, the indictment referenced the charging statutory provision, which is sufficient to place the defendant on notice of the elements of conspiracy, including the requirement of an overt act. *United States v. Leos-Maldonado*, 302 F.3d 1061, 1064 (9th Cir. 2002).

Moreover, the defendant failed to establish prejudice. Shahin does not dispute that an overt act was proven at trial. The jury was specifically instructed as to the elements of conspiracy, including the requirement of an overt act. When the jury is properly instructed as to all the required elements, then the "instructions to the jury eliminate any risk of prejudice," and "absent such prejudice, the conviction

2

may not be reversed for any omission in the indictment." *United States v. Velasco-Medina*, 305 F.3d 839, 847 (9th Cir. 2002).

## 2. There was no *Batson* violation.

Shahin's challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986), was based on the exercise of a peremptory challenge by the government on one panel member. The District Court's finding that the strike was not motivated by race or ethnicity was not clearly erroneous. We afford great deference to the trial court's determination. *Snyder v. Louisiana*, 552 U.S. 472, 477 (2008).

The prosecutor offered two reasons for excusing that juror, the first of which may be described as the "yawning" reason and the second, given later, as the "gun ownership" reason. The judge appeared to reject the first reason, though he did not describe it as a pretext for improper discrimination. That the trial judge might not have agreed with the prosecutor's judgment in exercising the challenge does not necessarily mean that it was pretextual, because the judge's personal agreement as to the merit of the challenge is not the standard. More to the point, the second reason was both appropriate and race neutral, and Shahin does not argue otherwise.

Instead, Shahin argues that the second reason, though legitimate, should be disregarded because it was not offered by the prosecutor to explain the challenge at the earliest opportunity but rather was provided about fifteen minutes later. A

3

reason that is offered later may be disregarded as pretextual, but it does not always have to be so disregarded. In this case, the District Court found that the gun ownership reason was not "only non-discriminatory but very substantial," and that finding was not clearly erroneous.

The District Court was aware of the "rushed" circumstances under which the prosecutor provided the first reason and invited the prosecutor to elaborate. There was no evidence of a broader practice of prosecutorial discrimination or dishonesty, as there was in, for example, *Miller-El v. Dretke*, 545 U.S. 231, 253-263 (2005) (evidence that prosecutor misrepresented the record while giving his initial justification for strike, evidence of discriminatory voir dire questions, jury shuffling, and evidence of prosecutorial policy of systematically excluding blacks from juries). Nor was there evidence that the prosecution failed to challenge a similarly situated panel member, save for one whom the prosecutor could legitimately infer would not be seated. The absence of an unchallenged similarly situated juror supports the finding that the government's race-neutral explanation was not a pretext for race. *See, e.g.*, *United States v. You*, 382 F.3d 958, 968-969 (9th Cir. 2004).

### 3. Sufficient evidence supported the jury's guilty verdict.

Rodriquez, an accomplice, testified to Shahin's involvement. The defense failed to prove that Rodriquez's testimony was incredible or insubstantial on its face. *United States v. Necoechea*, 986 F.2d 1273, 1282 (9th Cir. 1993) ("the uncorroborated testimony of an accomplice is sufficient to sustain a conviction unless it is incredible or insubstantial on its face"). To the contrary, Rodriquez's testimony was corroborated by other evidence, including his own purchase of similar pistols from the same dealer at the same gun show, a bill of sale signed by the defendant for the weapons, and phone records indicating numerous ongoing communications between the defendant and accomplices at the time of the purchases. The evidence was more than sufficient to sustain the jury's verdict. *See United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc) (reciting the standard for a sufficiency of the evidence claim).

### 4. There were not cumulative errors warranting reversal.

Shahin raises a laundry list of other alleged errors. Though none are cited as individually prejudicial, they are alleged in sum to have been prejudicial. Most of the purported errors were not raised below so they are subject to review for plain error. Many are asserted without particularity or citation to the record or to pertinent authority, and those arguments could be deemed waived. The claims of

5

error are unpersuasive, in any event, and so is the contention that the combined effects of the alleged errors were prejudicial.

**AFFIRMED.**