447 F.2d 1008
 James Austin IMUS for himself and on behalf of all Selective Service Registrants in this State of Utah, Plaintiffs,
v.
UNITED STATES GOVERNMENT, its officers and agents, including the Attorney General, et al., Defendants-Appellants,
Richard J. Mair et al., Intervenors, C. Lynn Van Orden and Ole B. Jensen, Petitioners for Intervention, Appellees.
 No. 394-70.
 No. 395-70.
 United States Court of Appeals, Tenth Circuit.
 September 8, 1971.
 
 Thomas J. Press, Atty., Dept. of Justice (William D. Ruckelshaus, Asst. Atty. Gen., C. Nelson Day, U. S. Atty., Robert V. Zener, Atty., Dept. of Justice, with him on the brief), for appellants.
 Richard J. Leedy, Salt Lake City, Utah (Robert M. McDonald, Salt Lake City, Utah, on the brief), for appellee, C. Lynn Van Orden.
 Bryce E. Roe, Salt Lake City, Utah, for appellee, Ole B. Jensen.
 Before CLARK*, Associate Justice, SETH and HOLLOWAY, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 This is an appeal by the United States from the granting by the trial court of an Injunction Pendente Lite restraining it from altering the selective service status of C. Lynn Van Orden, and from what was titled a Temporary Restraining Order enjoining it from inducting Ole B. Jensen into the Armed Forces.
 
 
 2
 Van Orden and Jensen had moved to intervene in this action which had been commenced by James Austin Imus for himself and for other selective service registrants in Utah. Imus had alleged that his student deferment was improperly handled under the regulations, and also alleged that the selective service boards in Utah were improperly classifying missionaries of the Church of Jesus Christ of Latter-Day Saints as ministers during the period they were on their missions. Imus was subsequently classified IV-F.
 
 
 3
 Appellee Van Orden filed a motion to intervene, asserting that his board had unlawfully denied him a hardship deferment, classified him I-A, and ordered him to report for induction. In his amended complaint he asserted the same objection Imus had made to the classification of the Mormon missionaries. Upon the filing of the motion to intervene and without notice, the trial court entered an Injunction Pendente Lite ordering that no change be made in his selective service status.
 
 
 4
 As to Jensen, the record shows that he too filed a motion to intervene in the Imus suit. He, in the complaint attached, asserted that he was arbitrarily refused reclassification as a conscientious objector, and he asserted the same objection against the application of the ministerial exemption as did Imus and Van Orden. Upon the filing of this motion the court entered a "Temporary Restraining Order" enjoining the defendants from inducting Jensen until the motion to intervene was disposed of. In view of the express period the restraint was to last, the order must be regarded as a preliminary injunction.
 
 
 5
 Thus this appeal concerns the individual classification problems of Jensen and Van Orden, and also their complaint against the application of the ministerial exemption in Utah. The appellees assert in effect that the classification of the missionaries as ministers during the period of their service served to reduce the number of men eligible for service and thus made appellees' induction more likely.
 
 
 6
 The claims of Van Orden and Jensen as to their individual classifications clearly come within the decisions of Oestereich v. Selective Service Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed. 2d 402; Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418; and Breen v. Selective Service Local Bd., 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653. It would serve no purpose to again discuss the application of these cases and their construction of 50 U.S.C.App. § 460(b) (3). The appellees' causes of action based on their individual classifications or their individual processing are clearly not subject to review in the manner herein attempted. See Evans v. Local Board No. 73, 425 F.2d 323 (10th Cir.).
 
 
 7
 The general attack on the manner in which the ministerial exemption is applied in Utah presents somewhat different arguments, especially as to the construction and application of 50 U.S.C. App. § 460(b) (3). The appellees urge that the section in its prohibition of review of "the classification or processing of any registrant * * *," is limited to a consideration of the status of an individual registrant, and does not refer to a statewide method of application or interpretation of the ministerial exemption in the Selective Service Act. The government on the other hand urges that the complaint of the individuals refers to their particular status and how the application of the exemption affects their status. Thus the issue as to these individuals who are parties is a matter of their "classification" or their "processing" and consequently review is prohibited under the pre-statute decisions, the statute, and the decisions following 50 U.S.C.App. § 460(b) (3).
 
 
 8
 We hold that the case of Boyd v. Clark, 393 U.S. 316, 89 S.Ct. 553, 21 L. Ed.2d 511, affirming Boyd v. Clark, at 287 F.Supp. 561, is controlling and consequently we must reverse the trial court.
 
 
 9
 In Boyd v. Clark, the three judge court held that the plaintiff selective service registrants classified I-A could not secure an injunction against their induction and so challenge the constitutionality of student deferments. The plaintiffs asserted that by reason of the number of men student deferments they were more likely to be inducted. As to section 10(b) (3) of the Selective Service Act [50 U.S.C.App. § 460(b) (3)], the registrants there argued, as they do in the case before us, that the provision was directed only to the situation where the registrant claims he was wrongly classified. The trial court in the cited case referred to the pre-statute cases of Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567, and Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 and said:
 
 
 10
 "A registrant who has not received and acted on an order of induction cannot get injunctive relief because he cannot show `irreparable harm,' * * *; because he is not `aggrieved,' * * *; because he lacks `standing' in light of the lack of immediate danger of direct injury, * * *; because the action is `premature'. * * *"
 
 
 11
 The trial court in Boyd refers to the First Circuit case of Talmanson v. United States, 386 F.2d 811 (1st Cir.), also concerning student deferments and reaching the same result. The trial court in Boyd v. Clark refers to a registrant who has not yet both received and also acted on an order for induction.
 
 
 12
 This relates to the provisions of the statute above referred to providing judicial review only at certain steps in the process following an order to report for induction. The trial court also decided a jurisdictional amount issue. The Supreme Court on the appeal of Boyd v. Clark, at 393 U.S. 316, 89 S.Ct. 553, affirmed the trial court per curiam by saying only: "The judgment is affirmed, Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418, without reaching the jurisdictional question raised under 28 U.S.C. § 1331." This affirmance in 1969 followed very shortly after the Court's decisions in Oestereich and in Clark v. Gabriel.
 
 
 13
 In view of the affirmance by the Supreme Court in Boyd v. Clark, we must hold that the exceptions to the prohibition in section 10(b) (3) of the Selective Service Act at present are limited to those described in Oestereich and in Clark v. Gabriel. Thus on the authority of these two cited cases, and Boyd v. Clark, we must hold that the trial court had no authority to grant relief either as to the individual classification issues or on the general objection to the ministerial exemption. It is thus ordered that the "Temporary Restraining Order" relating to appellee, Ole B. Jensen, is vacated and set aside; that the preliminary injunction issued as to appellee, C. Lynn Van Orden, is likewise vacated and set aside. It is further ordered that the trial court dismissed from this action each of said persons, and that they otherwise not be permitted to become parties under their pleadings submitted or tendered by them as appear in this record.
 
 
 
 Notes:
 
 
 *
 Associate Justice Retired, United States Supreme Court, sitting by designation