**C. Lynn VAN ORDEN, Petitioner-Appellant,**

v.

**Melvin R. LAIRD, Secretary of Defense, et al., Respondents-Appellees.**

No. 72–1233.

United States Court of Appeals, Tenth Circuit.

Oct. 3, 1972.

Robert M. McDonald, Salt Lake City, Utah, for petitioner-appellant.

Stanton R. Koppel, Atty., Dept. of Justice (Harlington Wood, Jr., Acting Asst. Atty. Gen., C. Nelson Day, U. S.

Atty., and Morton Hollander and Thomas J. Press, Attys., Dept. of Justice, on the brief), for respondents-appellees.

Before LEWIS, Chief Judge, and McWILLIAMS and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

In this selective service case appellant seeks reversal of a judgment of the district court denying his petition for a writ of habeas corpus and injunction. The trial court ruled that habeas corpus did not lie because the petitioner-appellant was not in the actual custody of respondent. The prayer for an injunction was denied on the ground that the trial court lacked jurisdiction to review the action of the local board prior to induction. The court applied 50 U.S.C. App. § 460(b)(3) (1968).

This appeal poses the question whether appellant was entitled to obtain pre-induction judicial review of the action of the Selective Service Board ordering appellant to report for induction. Appellant contends that the order under which the Board acted was void and that this fact entitles him to obtain a judicial review.

Appellant was first ordered to report for induction on March 27, 1970, and the date fixed was April 8, 1970. This order was postponed until April 22, 1970 at appellant's request. However, one day prior to the postponed date appellant obtained an injunction by intervening in a pending case in the United States District Court for the District of Utah. The government appealed to this court and prevailed. As a result, the judgment granting the injunction was vacated and appellant's intervention was ordered to be dismissed by this court on September 8, 1971. Imus v. United States Government, 447 F.2d 1008 (10th Cir. 1971). Soon thereafter, on October 20, 1971, appellant was informed by his local board that his induction had been rescheduled for November 1, 1971. The Board was acting under the original order for induction, that of March 27, 1970. However, between the time of the reversal by this court and the Board's notification of October 20, 1971, appellant enlisted in the United States Army Reserve program. After this, when it became apparent to him that the Selective Service had refused to recognize his joining of the Army Reserve upon the ground that he was then under an order to report for induction, appellant instituted the present habeas corpus-injunction action.

Both sides agree that the case turns on whether judicial review by way of writ of habeas corpus is permissible, that is, whether the cause is governed by § 10(b)(3) of the Military Selective Service Act (50 U.S.C. App. § 460(b)(3)) which limits the scope of pre-induction review:

> * * * No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title [section 462 of this Appendix], after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form:
> * * * *

Appellant maintains that his first induction order, that of April 22, 1970, was cancelled because of the injunction and the delay, whereby he was free to voluntarily enter the Army Reserve program. While our prior decision in *Imus, supra,* does not dispose of this contention, it does recognize the very narrow scope of pre-induction review under § 10(b)(3) and the decisions of the Supreme Court in Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968) and Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968).

In *Imus* this court considered Breen v. Selective Service Local Bd., 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653

(1970); Boyd v. Clark, 393 U.S. 316, 89 S.Ct. 553, 21 L.Ed.2d 511 (1969); Clark v. Gabriel, *supra,* Oestereich v. Selective Service System Local Board No. 11, *supra,* and concluded:

> In view of the affirmance by the Supreme Court in Boyd v. Clark, we must hold that the exceptions to the prohibition in section 10(b)(3) of the Selective Service Act at present are limited to those described in Oestereich and in Clark v. Gabriel. Thus on the authority of these two cited cases, and Boyd v. Clark, we must hold that the trial court had no authority to grant relief either as to the individual classification issues or on the general objection to the ministerial exemption.
>
> \* \* \*

447 F.2d at 1010.

Subsequent to our ruling the Supreme Court further clarified its several decisions on the scope of review. It did so in Fein v. Selective Service Sys. Loc. Bd. No. 7, Yonkers, N.Y., 405 U.S. 365, 92 S.Ct. 1062, 31 L.Ed.2d 298 (1972). The Court held pre-induction judicial review to be limited to what the Court called the rare instance where administrative action deprives the registrant of the classification to which he is otherwise entitled.[1]

It seems clear from a reading of our decision in *Imus,* and the Supreme Court's clarifying opinion in *Fein,* that the trial court was correct in its holding that § 10(b)(3) operates to withhold jurisdiction to review the action of the Board in the present circumstances, for appellant fails to bring himself within the exception to § 10(b)(3) as construed by the Court in *Fein.*

■ Appellant insists that the Board is violating the selective service regulations in that it has delayed his induction long beyond the time permitted by the regulations and has, in addition, failed to give him notice of the postponement. A short answer to this is that even if he is able to demonstrate such failure by the Board, he still falls short of satisfying the very limited exceptions recognized in *Fein.*

■ In the course of determining whether the case at bar is one in which there exists jurisdiction to review the Selective Service Board's action, we have given at least a cursory evaluation of the merits of appellant's claim. Appellant's position is that it is wholly lacking in any semblance of legality and should, therefore, be reviewed even though it is not provided for in § 10(b)(3). The applicable federal regulation, according to appellant, is 32 C.F.R. § 1632.2(a). Appellant's argument is partially correct. The regulation does limit a postponement by the Board to 60 days plus one further postponement of 60 days. It is also true that where the local board postpones an induction, it must mail a Form 264 to the registrant.

Although we do not here decide the merits of these contentions, the applica-

---

1. The pertinent statement is as follows:

    Thus *Oestereich, Gabriel, Breen,* and *Boyd* together establish the principles (a) that § 10(b)(3) does not foreclose pre-induction judicial review in that rather rare instance where administrative action, based on reasons unrelated to the merits of the claim to exemption or deferment, deprives the registrant of the classification to which, otherwise and concededly, he is entitled by statute, and (b) that § 10(b)(3) does foreclose pre-induction judicial review in the more common situation where the board, authoritatively, has used its discretion and judgment in determining facts and in arriving at a classification for the registrant. In the latter case the registrant's judcial review is confined—and constitutionally so—to the situations where he asserts his defense in a criminal prosecution or where, after induction, he seeks a writ of habeas corpus. By these cases the Court accommodated constitutional commands with the several provisions of the Military Selective Service Act and the expressed congressional intent to prevent litigious interruption of the selective service process.

    92 S.Ct. at 1069.

    The Court then went on to *say* that alleged deprivation of procedural due process does not provide an occasion for a pre-induction review. See page 1070.

bility of this regulation appears at least questionable because it contemplates board action for its purposes. Here the induction was stayed by court order issued at the request of appellant and, therefore, he was the moving party in stopping the selective service process. The Board's hand was stayed as a result of the injunction.

We conclude, therefore, that from our very brief view of the merits of appellant's contention, that it does not call for the carving out of an exception to the prohibition of § 10(b)(3).[2]

The judgment of the district court is affirmed.

---

2. These observations are without prejudice to the right of appellant to raise the question in a manner authorized by law.