**UNITED STATES of America**

v.

**Randy R. BROWN, a/k/a "Peanut," Defendant.**

**Crim. No. 91–110–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Feb. 24, 1992.

Mark A. Exley, Asst. U.S. Atty., Norfolk, Va., for U.S.

John W. Hart, Virginia Beach, Va., for defendant.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

Defendant appeared before this court on December 2, 1991, to plead guilty to Count One of his Indictment: conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371.[1] Among the offenses Defendant is alleged to have conspired to commit (i.e., among the objects of the conspiracy) was possession and receipt of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year,[2] contrary to 18 U.S.C. § 922(g)(1).[3] At the guilty plea proceeding, the court, upon its own motion, directed the parties to file memoranda on the sufficiency of Count One of the Indictment. Specifically, the court questioned whether the conspiracy count with respect to § 922(g)(1) was sufficient, despite the United States' failure to allege that Defen-

dant is a convicted felon.[4] As directed, the parties timely filed their memoranda, and the court, having reviewed the parties' arguments, finds Count One of the Indictment to be sufficient as charged.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure states:

> The indictment ... shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.... It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement.... The indictment ... shall state for each count the official or customary citation of the statute, rule or regulation or other provision of law which the defendant is alleged therein to have violated.

Even though no case law has been cited that deals directly with the issue of whether, in an indictment for conspiracy under 18 U.S.C. § 371 where the object of the conspiracy was violation of 18 U.S.C. § 922(g)(1), the government must allege that defendant or another person was actually a convicted felon, the court is nonetheless able to determine the sufficiency of the Indictment in this case based on the established standard for adequacy of indictments.

An indictment under Rule 7(c) is sufficient if it: 1) states the essential elements of the offense charged and is sufficiently detailed to apprise a defendant of the charge against him so that he can prepare a defense,[5] and 2) states enough facts and information to allow the indictment to

1. Defendant tendered his plea of guilty pursuant to a plea agreement with the United States in which the United States agreed, *inter alia*, to dismiss counts Two through Eleven of the Indictment in return for Defendant's plea of guilty to Count One.

2. Hereinafter, the term "convicted felon" or "felon" will be used interchangeably with "a person convicted of a crime punishable by imprisonment for a term exceeding one year."

3. The United States also alleges that defendant conspired to violate 18 U.S.C. §§ 922(a)(6), (g)(2), (n), and 924(a)(1)(A).

4. The court also inquired whether Defendant's status as a convicted felon would be taken into account under the United States Sentencing

Guidelines, even if the conspiracy allegation with respect to violation of § 922(g)(1) was not sufficient. Since the court herein rules that Count One of the Indictment is sufficient, and since the issue of application of the sentencing guidelines is not relevant until the disposition of the case, the court does not address that issue in this order.

5. However, the indictment's function of apprising a defendant of the charge against him so that he may prepare a defense "may often be satisfied through a bill of particulars or discovery." *U.S. v. Duncan,* 598 F.2d 839, 848 (4th Cir.), *cert. denied,* 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979).

be used as proof to bar subsequent prosecutions of defendant on the same facts. *E.g., Hamling v. U.S.* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974); *U.S. v. Duncan,* 598 F.2d 839, 848 (4th Cir.), *cert. denied,* 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979). The Indictment satisfies both prongs of this test.

 18 U.S.C. § 371 provides, in pertinent part:

> If two or more persons conspire either to commit any offense against the United States ... and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

Thus, the essential elements to a conspiracy indictment under § 371 are: 1) an agreement by two or more persons to violate the laws of the United States, and 2) an act to effect the object of the conspiracy. The United States has alleged both of these essential elements in the Indictment. First, the Indictment alleges that Defendant conspired with other persons to violate, among other statutory provisions, 18 U.S.C. § 922(g)(1), which offense was described by the Indictment:

> For any person who has been convicted in a court of a crime punishable by imprisonment for a term exceeding one year to possess and receive a firearm in and affecting commerce.

Indictment at 1–2. Second, the Indictment recounts seven overt acts taken to effectuate the conspiracy. The seventh overt act provides:

> On or about December 1, December 5, December 10, December 15, 1990, RANDY R. BROWN, a/k/a "Peanut", [sic] received the firearms purchased on or about those dates from Dean Erskin Archer, Lisa Yvonne Scott, and Charles Patrick Sampson.

Indictment at 4.

 The crime in issue here is the *conspiracy* charge under § 371, not the illegal

object of that conspiracy, which is violation of 18 U.S.C. § 922(g)(1). The government need not detail every element of the underlying offense to support the conspiracy charge. "[A]n indictment for conspiracy to commit an offense need not describe the offense which is the object of the conspiracy with the same certainty as would be required in an indictment for that [substantive] offense." *Belvin v. United States,* 12 F.2d 548, 550 (4th Cir.), *cert. denied,* 273 U.S. 706, 47 S.Ct. 98, 71 L.Ed. 850 (1926). As the Supreme Court clearly stated in 1927:

> It is well settled that in an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy, ... or to state such object with the detail which would be required in an indictment for committing the substantive offense.

*Wong Tai v. U.S.,* 273 U.S. 77, 81, 47 S.Ct. 300, 301–02, 71 L.Ed. 545 (1927) (citations omitted). *See also United States v. Clark,* 649 F.2d 534, 539 (7th Cir.1981); *United States v. Cuesta,* 597 F.2d 903 (5th Cir.), *cert. denied,* 444 U.S. 964, 100 S.Ct. 451, 62 L.Ed.2d 377 (1979); *United States v. Watson,* 594 F.2d 1330 (10th Cir.), *cert. denied,* 444 U.S. 840, 100 S.Ct. 78, 62 L.Ed.2d 51 (1979); *United States v. Gorham,* 523 F.2d 1088 (D.C.Cir.1975); *United States v. Grizaffi,* 471 F.2d 69 (7th Cir.1972), *cert. denied,* 411 U.S. 964, 93 S.Ct. 2141, 2142, 36 L.Ed.2d 684 (1973); *Center v. United States,* 96 F.2d 127 (4th Cir.1938). *But cf. United States v. Hooker,* 841 F.2d 1225 (4th Cir.1988) (court dismissed count of indictment charging conspiracy to violate 18 U.S.C. § 1962(c) for failure to state essential element of crime charged, namely "effect on interstate commerce").[6] According-

---

**6.** Initially, it would seem that *Hooker* requires a fuller enumeration in the Indictment of one of the elements of one of the offenses underlying the conspiracy charge in this case. However, *Hooker* is distinguishable from the case at bar.

Unlike *Hooker,* the Indictment in the instant case issued under 18 U.S.C. § 371, a conspiracy statute, not a substantive criminal statute. In contrast, the questionable count of the indictment in *Hooker* (Count III) issued under 18

ly, the government is not required to allege, as it would be if Count One charged the substantive offense, that Defendant is a convicted felon.

◾ Defendant argues that the question at hand is really whether the seventh alleged overt act is sufficient. Citing no case law to support his proposition, Defendant maintains that the Indictment must allege that the guns were in fact delivered to a convicted felon and must identify Defendant or anyone else in receipt of the guns as a felon. This argument fails for several reasons. First, Defendant's argument implies that a conspiracy need be successful in order for the United States to prosecute the case. That proposition simply is not true. *See United States v. Rabinowich*, 238 U.S. 78, 86, 35 S.Ct. 682, 684, 59 L.Ed. 1211 (1915); *United States v. Martindale*, 790 F.2d 1129, 1134 (4th Cir.), *cert. denied*, 479 U.S. 855, 107 S.Ct. 193, 93 L.Ed.2d 125 (1986) (quoting *United States v. Goldberg*, 756 F.2d 949, 958 (2d Cir. 1985)). All that is required for the prosecution of a conspiracy under § 371 is an agreement and some overt action taken to effectuate the object of that conspiracy.[7]

◾ Second, Defendant also alleges in his argument that the transfer of firearms to an individual is not a violation unless the indictment alleges that the individual in receipt of those firearms is a convicted felon. This proposition contradicts existing case law. The transfer of firearms in this case is an overt act, and an overt act does not have to be, in and of itself, criminal. *See Yates v. United States*, 354 U.S. 298, 334, 77 S.Ct. 1064, 1084, 1 L.Ed.2d 1356 (1957), *overruled on other grounds by Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *United States v. Hermes*, 847 F.2d 493, 495–96 (8th Cir.1988); *United States v. Medina*, 761 F.2d 12, 15 (1st Cir.1985); *United States v. Donahue*, 539 F.2d 1131, 1136 (8th Cir. 1976). Third, identification of Defendant or another person as a felon is not required to make an indictment for conspiracy sufficient. For example, it would be possible, even if unlikely, for two people to agree to purchase firearms to give to an unknown felon, any felon. Because the conspirators

U.S.C. § 1962(c), a substantive R.I.C.O. provision, and not under 18 U.S.C. § 371 or any other federal conspiracy statute. The indictment in *Hooker* did not incorporate by reference the allegations in the preceding counts of the indictment, one count of which contained allegations of a conspiracy under 18 U.S.C. § 371 (Count I). *See* 841 F.2d at 1226, 1231. Therefore, the R.I.C.O. conspiracy charge appears to be one of common law conspiracy to violate a substantive federal statute. In *Hooker*, then, the enumeration of the essential element of the underlying statute was required in order to establish federal jurisdiction, if for no other reason. *See id.* at 1231–32. Further, defendant had objected to the government's failure to include the essential element of the crime, both before trial and at trial before verdict. *See id.* at 1228–29, 1230. In the case at bar, the conspiracy charged is actually the federal statutory offense cited in the Indictment, and each element of that federal offense is charged in the Indictment. Moreover, the objects of the conspiracy set forth in the Indictment fully apprise Defendant in the instant case of the nature of the charge against him. As the court in *Hooker* recognized:

> Although an offense that is the object of a conspiracy need not be delineated in the indictment with the same particularity as a substantive offense, *Wong Tai v. United States*, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927),

this admonition applies to the statements of fact that "flesh out" the indictment—not the basic elements of the offense itself.... *Wong Tai* contains no language which would impart validity to an indictment which omits an allegation of an element of the crime charged nor does it suggest at any time in the opinion that a mere citation of the statute under which the indictment issues will satisfy the requirement that the indictment contain a clear statement of the elements of the offense charged.

841 F.2d at 1229–30 (citation omitted).

The decision in *Hooker* then hinged upon the fact that the indictment omitted a statement of an essential element of the crime charged. This result is consistent with *Wong Tai, see supra* at 324, as the gist of the conspiracy charged in *Hooker* was the R.I.C.O. violation, without which federal jurisdiction was lacking. In the case at bar, the only allegation not "fleshed out" is one of fact—that Defendant or some other person was actually a convicted felon. Consequently, finding this omission not to be a fatal defect comports with the reasoning set forth in both *Wong Tai*, 273 U.S. at 81, 47 S.Ct. at 301–02, and *Hooker*, 841 F.2d at 1229. Finally, Defendant in the instant case is pleading guilty to the conspiracy count, having raised no objection on his own to any possible "defect." *See supra* at 323; *infra* at 326.

7. See text and statute cited *supra* at 324.

had not yet named the receiving felon does not make the *conspiracy*, the agreement, to commit the firearms violation any less a crime.

Furthermore, the court finds that the Indictment is sufficiently detailed to apprise Defendant of the charges against him and to enable him to prepare his defense, if Defendant were to go to trial.[8] The Indictment clearly describes the objects of the conspiracy, citing the statutes Defendant conspired to violate, the ways and means of the conspiracy, and numerous overt acts taken to effectuate the conspiracy. These overt acts described the purchase and transfer of the firearms in this case. It cannot be said that Defendant was unclear or unaware of the charges against him. In fact, the Indictment was so clear to him that neither Defendant nor Defendant's counsel questioned the Indictment's sufficiency;[9] rather, the question was left for the court to broach.

Finally, the court finds that the second prong of the test for sufficiency of an indictment has been met. Given the Indictment's detailed description of the conspiracy, of the ways and means of the conspiracy, of the overt acts taken in furtherance of the conspiracy, and of the laws Defendant was alleged to have conspired to violate, the Indictment provides enough factual information to enable Defendant to use it as a bar against further prosecution on the same facts.

Accordingly, for the reasons stated above, the court FINDS SUFFICIENT Count One of the Indictment, and finds as facts the allegations of Count One of the Indictment. Pursuant to this order, to the hearing on December 2, 1991, and to the Plea Agreement between the United States and Defendant, the court ACCEPTS Defendant's PLEA OF GUILTY to Count One of

the Indictment. Disposition of this case will take place this date, as previously scheduled.

It is so ORDERED.

---

**8.** Here, Defendant is attempting to plead guilty to the conspiracy charge.

**9.** Although each count of an indictment must stand or fall on its own merits, Defendant could have read Count Two of the Indictment, which alleges Defendant's *substantive* violation of 18 U.S.C. § 922(g)(1), to clarify any questions he may have had as to the conspiracy charge against him with respect to violation of 18

U.S.C. § 922(g)(1). *See Duncan,* 598 F.2d at 849 & n. 5 ("Fully advertent to the rule that each count of an indictment must stand or fall alone, except insofar as allegations of another count are incorporated by reference, we do not believe that that rule precludes consideration of the allegations of the conspiracy count in support of the sufficiency of the substantive count in this instance").